THE STATE OF NEVADA, RESPONDENT, *v.* JOHN
WRIGHT, APPELLANT.

ASSESSMENT OF VALUATION FOR REVENUE PURPOSES. Where, in making an assessment on real estate for revenue purposes, a dispute arose between the assessor and owner as to its value, and the assessor, taking away the sworn statement of the owner with a blank left for the value, said he would submit the dispute to the Board of Equalization, and afterwards filled the blank in the sworn statement with a higher valuation than was admitted by the owner, and the property was taxed at that valuation, and the owner never appeared before the Board of Equalization: *Held*, that the assessment, though not entirely regular, was not fraudulent, and that a judgment for the tax as assessed should stand.

ASSESSORS MUST RECEIVE SWORN STATEMENTS, BUT ARE NOT BOUND BY THEM. It is the duty of an assessor to receive sworn statements of the value of property listed for taxation as the owners make them, without dictation as to what values should be inserted; but he is not bound by such valuation, and if he thinks it too low, it is his duty to raise it.

REMEDY FOR EXCESSIVE VALUATION BY ASSESSORS. If an owner is dissatisfied with the valuation placed upon property by the assessor, his remedy is by an application for reduction to the Board of Equalization.

IGNORANTIA LEGIS NON EXCUSAT. Every one is bound to know the law.

APPEAL from the District Court of the Third Judicial District, Washoe County.

The property upon which the tax was levied consisted of a possessory claim and improvements in Washoe County, being portion of sections four, nine and sixteen, in township eighteen north, in range twenty east, of Monte Diablo. The amount of the judgment appealed from was two hundred and fourteen dollars and seventy-seven cents, and thirty dollars and forty cents costs.

*Wm. Webster*, for Appellant.

*Wallace and Flack*, for Respondent.

By the Court, BEATTY, C. J.

The respondent brought suit against appellant for an amount of money alleged to be due for taxes on a certain piece of real estate. The defense was, that the tax on this real estate was fraudulently assessed, and therefore the defendant was not liable in this action.

The facts appear to be, that the acting Assessor of Washoe County went to defendant in his field where he was at work, and demanded a list of his taxable property. A list of the personal property and its value was made out, a blank being left in the list for the description and value of the realty. This list was sworn to, with blanks left therein. The description of the real estate was left blank, because defendant's title deeds were at his residence, some distance away from the field, when the blanks in other parts were filled out. The Assessor agreed to go by the house, get the deeds from defendant's wife, and fill in that blank. The value of the real estate was omitted, for another reason. Defendant desired to make affidavit that it was worth no more than $2,500—the Assessor was unwilling to have that blank filled with a sum less than $5,500, he believing that to be the true value of the land. The Assessor went by the house, got the description of the land from deeds produced by the wife of the defendant, put that description down in a memorandum book, and the price on the same book he set down at $5,500. Subsequently the Assessor, or some deputy in his office, filled up the blank in Wright's affidavit, but getting the description and value upon this memorandum book. The same description and value were also entered on the assessment roll.

When the Assessor and defendant differed about the value of the real estate, the Assessor said he would submit the difference in dispute between him and defendant, Wright, to the Board of Equalization. Wright never appeared before the Board, or asked to have his assessment reduced. He seems not to have known what the assessment was finally fixed at until he went to pay his taxes in November, when he refused to pay the tax on the valuation above $2,500 for the real estate.

The Court below gave judgment for the entire tax, and the defendant appeals.

The grounds on which appellant relies are, that the Assessor acted *fraudulently* in filling in the blank value of the real estate at $5,500 instead of $2,500 ; that the valuation fixed by the taxpayer by his oath is conclusive, and that the Assessor could not raise the valuation above the amount so fixed. That it *was improper* in the Assessor to have filled up the blank in the sworn list

furnished by Wright with $5,500 against his desire, is beyond question.

He wished to swear it was only worth $2,500, and the Assessor had no right to dictate to him what his oath should be. The amount should have been inserted before the oath was administered. The amount should have been put down at what Wright desired it to be. There would perhaps have been no impropriety in merely inserting the description of the land from the deeds after the oath was administered. But whilst this list should have contained the value as fixed by the defendant, it was perfectly right for the Assessor, if he thought the valuation fixed in this statement to be too low, to make the assessment at a higher figure. (See *The State of Nevada*.v. *Kruttschnitt*, decided at the last term of this Court.) As the statement of defendant was not binding on the Assessor, the mistake in filling in the blank in this case did no harm, and could relieve the defendant from no responsibility.

The only thing the Assessor did to mislead or injure the defendant was to say that he would submit the matter of valuation on which they could not agree to the Board of Equalization. This may have lead the defendant to suppose that the valuation of his real property would not be put at a higher figure than $2,500 without the express direction of the Board of Equalization, and therefore that there was no necessity for him to take any steps on his part for reducing his taxes. It would certainly-have been better if the Assessor had said to him distinctly, I think your valuation too low. I shall assess this real estate at $5,500, and if you are not satisfied you can apply to the Board of Equalization when it meets to reduce this assessment. Still we do not think this careless or inapt remark of the Assessor can be held to amount to fraud on the defendant. Had the Assessor taken the affidavit as proposed, and afterwards raised the valuation to $5,500 on his own judgment without saying a word to defendant, it would not have vitiated the assessment. Total silence would certainly have been as likely to mislead as the remarks that were made by the Assessor. Every one is bound to know the law. The defendant knew the Assessor thought the property was worth more than $2,500, and therefore ought reasonably to have inferred that the

assessment would be put at a high figure. If he was not satisfied with a higher valuation than $2,500, he should have gone before the Board of Equalization and asked a reduction. Failing to do so, he has lost his remedy.

Judgment affirmed.