# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

## JULY TERM, 1880.

[No. 939.]

## ROBERT N. BASSETT, APPELLANT, *v.* THE MONTE CHRISTO G. & S. M. CO. OF NEVADA, RESPONDENT, AND J. E. MARCHAND, APPELLANT.

CORPORATION — DIRECTORS MAY PERFORM ACTS OUTSIDE OF STATE.—The directors of a corporation, unless forbidden by its charter or the laws of the state from which it derives its existence, may confer power to issue bonds and mortgage the real property of the corporation outside, as well as within, the limits of such state.

DUPLICATE MORTGAGE—RATIFICATION UNNECESSARY.—The original deed of trust was lost by transmission in the mail, and a duplicate afterwards executed: *Held,* that no ratification was necessary; that the original resolution authorized the execution of the duplicate deed.

FINDINGS NOT OBJECTED TO—TESTIMONY WILL NOT BE CONSIDERED.—Where there is no motion for a new trial, nor other objection to the findings of the court, the testimony in opposition thereto will not be considered.

DIRECTOR OF CORPORATION—MAY EXECUTE A TRUST DEED TO HIMSELF.— The fact that the trust deed was made in favor of one of the directors, who joined in its execution, is no objection to the validity of the deed.

FORECLOSURE OF MORTGAGE—BONDS—STATUTE OF LIMITATIONS.—Suit to foreclose mortgage was commenced more than four years after the date of the mortgage, or trust deed, but less than four years after the bonds, secured thereby became due: *Held,* that the action was not barred by the statute of limitations.

IDEM—RECORD OF MORTGAGE—NOTICE.—When a mortgage is duly recorded, it secures the mortgagee against third persons to the same extent that he is secured against the mortgagor.

OBJECTIONS NOT MADE IN COURT BELOW WILL NOT BE CONSIDERED.—The objection that the trust deed was void for want of the requisite stamps, not having been made in the court below, will not be considered.

BONDS ISSUED TO DIRECTORS OF A CORPORATION NOT VOID—WHO CAN COMPLAIN.—Where bonds are issued and a mortgage given to a third party, though for the benefit of the agent or trustee, they are not void, but merely voidable at the election of the *cestui que trust.* A third party, who can not pretend to have been injured thereby, will not be heard to complain of it.

APPEAL from the District Court of the Sixth Judicial District, White Pine County.

The facts appear in the opinion.

*Hillhouse & Davenport,* for Appellant Bassett:

I. That part of the judgment which excludes from the decree the amount of indebtedness found due to the individuals constituting the board of directors of the corporation, is erroneous. (Ang. & Ames on Corp., sec. 297; *Twin Lick Co.* v. *Marbury,* 91 U. S. 587.)

II. The corporation was especially authorized to act anywhere in the United States. The board of directors being only agents, can act as such at any place. (Green's Brice's Ultra Vires, c. 4, appendix, 676, 677, *et seq.,* and authorities there cited; Abbott's Dig. of Corp. 280, sec. 33.)

*D. E. Baily,* for Appellant Marchand:

I. The president of the Monte Christo G. & S. M. Co. had no authority to make and execute the bonds and mortgage sued upon. The acts of the directors authorizing the issuance of bonds and the execution of the mortgage were performed outside of the state where the company was incorporated. (*Ormsby* v. *Vermont C. M. Co.,* 56 N. Y. 625; *Corey* v. *Curtis,* 9 Nev. 325; *Miller* v. *Ewer,* 27 Maine, 517; 1 Bl. (U. S.) 286; 20 Ind. 492; 1 Bl. C. C. 628; 11 Allen, 65.)

II. The law will not permit one who acts in a fiduciary capacity to deal with himself in his individual capacity. (*San Diego* v. *San Diego & L. A. R. R.,* 44 Cal. 106; *Wilbur* v. *Lynde,* 49 Cal. 290.) The relation between directors and

stock holders of a corporation is that of trustee and *cestui que trust.* (*Butts* v. *Woods*, 38 Barb. 181; 1 Edw. Ch. 84; *York Railway Co.* v. *Hudson*, 17 Eng. L. & Eq. 361.)

III. The plaintiff can not recover, because more than four years have elapsed since the mortgage was executed prior to the commencement of this action. The statutes of limitations can apply to a mortgage separate from the bond or note which it is intended to secure. (*Henry* v. *Confidence G. & S. M. Co.*, 1 Nev. 621; *Mackie* v. *Lansing*, 2 Id. 302; *Wood* v. *Goodfellow*, 43 Cal. 185.)

*A. M. Hillhouse,* for Appellant Bassett, in reply:

Upon the point that the acts of directors, outside of the state, were valid. (*Merrick* v. *Van Santvoord*, 34 N. Y. 213; 12 Gray, 489; *McCall* v. *Byram*, 6 Conn. 428.)

By the Court, BEATTY, C. J.:

It appears, from the statement and record of this case, that the defendant, the Monte Christo Gold and Silver Mining Company, of Nevada, is a corporation chartered by special act of the legislature of Pennsylvania and authorized thereby to hold meetings and transact business at any place in the United States; that in February, 1869, the management of its affairs was vested in a board of thirteen directors, seven of whom met in the city of New York on the third of that month and passed a resolution authorizing the issuance of bonds of the company not exceeding fifty thousand dollars in amount and the conveyance of its real property, situated in White Pine county, in this state, in trust to secure the payment of the same.

In pursuance of this resolution said property was conveyed to plaintiff as trustee and the bonds issued and disposed of. The first deed of trust having been lost in course of transmission to this state, a duplicate was executed June 29, 1869, and duly recorded in White Pine county. In the interval between the execution of these two deeds, a meeting of the stockholders of the company was held at its office, in the city of New York, at which a resolution was adopted reducing the number of its directors from thirteen to five.

At a subsequent meeting of four directors of the company, at New Haven, Connecticut, the action of the president and secretary, in executing the duplicate deed of trust, was reported and ratified.

The object for which the bonds of the company were issued was to take up its floating indebtedness, much the larger portion of which was due to the plaintiff and three other persons who were, at the time of the transaction, directors of the company, and constituted a majority of the members present at the meeting in February, when the bonds and mortgage were authorized, and at the subsequent meeting, at which the action of the president and secretary was ratified. Out of the fifty thousand dollars of bonds issued and made payable to the plaintiff or bearer, nearly four-fifths were retained by him and his fellow-directors in satisfaction of their claims against the company, and the balance (ten thousand two hundred dollars) delivered to its other creditors.

None of said bonds having been paid, this action of foreclosure was instituted by the plaintiff as trustee in behalf of the bondholders.

The defendant, Marchand, holds a judgment lien on the mortgaged premises, subsequent in point of time to the record of the trust deed; but he claims priority thereto on the grounds that it was unauthorized, fraudulent, and without consideration, and that this action is barred by the statute of limitations.

The corporation defendant makes default.

The conclusion of the district court upon the facts stated was, that the mortgage was valid as a security for the bonds issued to the outside creditors of the company, but void as to the plaintiff and his fellow-directors, by whose votes it was authorized.

The decree is for a sale of so much of the mortgaged premises as may be necessary, and the application of the proceeds to the payment.     1. Of costs, etc.     2. Of the claims of said outside bondholders.   3. Of the claims of the defendant, Marchand.

From this judgment the plaintiff and Marchand both appeal.

The first point urged in support of Marchand's appeal is, that the president and secretary of the company could derive no authority to make the trust deed and issue bonds from the resolution of the meeting of the directors held in the city of New York, and outside of the territorial limits of the state of Pennsylvania, where alone the corporation had a legal existence.

We think, however, that without regard to the fact found by the district court, that this corporation was empowered by its charter to meet and act at any place in the United States, the resolution in question was not invalid by reason of the place of the meeting at which it was adopted.

It seems to be settled by the weight of authority, and especially by the more recent decisions in the courts of the United States, that the directors of a corporation, unless forbidden by its charter, or the general laws of the state from which it derives its existence, may perform all except strictly corporate acts outside of the limits of such state, as within them; and it is not pretended that the conferring of power to issue bonds and mortgage the real property of a corporation is a corporate act in the strict sense of that expression. (See a full discussion of this question and authorities cited in c. 4. appendix, Green's Brice's Ultra Vires, 676, *et seq.*)

There is no proof and no presumption that the laws of Pennsylvania forbid directors of its corporations from meeting and acting outside of the state; and the charter of this corporation, which is itself a statute of Pennsylvania, so far from forbidding such meetings, expressly authorizes them.

As to the right of the stockholders to meet in New York, and reduce the number of directors, we are not called upon to express an opinion. That question cuts no figure in the case, unless we should hold that the vote of ratification, passed by four directors at the meeting in New Haven, was essential to the validity of the duplicate deed of trust executed by the president and secretary, on hearing of the loss of the original. But we do not consider that any ratifica-

tion was necessary; the execution of the duplicate deed was fully authorized by the original resolution of the February meeting in New York.

Counsel for Marchand, it is true, makes the additional point that the vote of ratification was essential, for the reason that some of the bonds were disposed of at a heavier discount than was warranted by the resolution of the seven directors at the February meeting.

If there was anything in the statement to sustain this allegation, we can not see how the fact, that a portion of the bonds were negotiated at too low a rate, could affect the validity of the trust deed or of the other bonds. The deed was executed in the first place, and on the faith of that security, several creditors of the company accepted its bonds in satisfaction of their respective claims. If some of the creditors received more bonds than they were entitled to, certainly that circumstance should not be held to invalidate the bonds issued to the others, or to impair their security. At the very most, it would be a ground of defense as to that portion of the bonds improperly issued. But in this case there is nothing to call for the slightest modification of the decree on that ground. It does not in any way appear that any of the claims, which are allowed priority to Marchand's judgment, are founded upon bonds improperly issued. The findings of the court, indeed, are to the effect that all the bonds were issued in pursuance of the authority conferred on the president and secretary, and as there was no motion for a new trial, nor other objection to the findings of the district court, the testimony in opposition thereto can not be considered.

For the purposes of this appeal, it must be assumed, in accordance with the findings, that all the bonds were issued in pursuance of the original resolution of the board.

The next objection to the validity of the trust deed is founded on the fact that Bassett—the trustee to whom the legal title was conveyed—was himself one of the directors of the corporation. It is contended that his position as trustee for the stockholders disqualified him from accepting the position of trustee for the creditors of the corporation.

No case in point is cited in support of this proposition, and the general principle relied on—that no man can serve two masters at the same time—does not seem to be applicable. The trustee under a deed of this character is always agent for both debtor and creditor; but even where he is invested with full power to dispose of the property and apply the proceeds in payment of the debt, it is not considered that his duty to one is inconsistent with his duty to the other.

Under this deed, Bassett had no power, except to hold the legal title to the property as security for those who should accept the bonds of the company. That he had interests identical with the corporation, made him none the less trustworthy an agent for it and its stockholders, and if the creditors of the company were willing to accept the security offered, with Bassett as trustee, it certainly does not lie in the mouth of the corporation, or those claiming under it, to assert his incapacity against those who were willing to trust him, notwithstanding his interests were to some extent opposed to their own.

The point that the deed was without consideration is not presented on this appeal, and it is not contended that there was any actual fraud on the part of the directors who ordered it made. The only remaining ground upon which its validity is impeached, is that upon which the district court proceeded in holding that there could be no recovery on the bonds issued to the directors of the company who participated in the meeting at which they were authorized. This point will be discussed when we come to consider the plaintiff's appeal.

It is next contended, in behalf of Marchand, that this action was barred by the statute of limitations. It was commenced more than four years after the date of the mortgage or trust deed, but less than four years after the bond secured thereby became due. It is admitted that the right to sue on the bonds was not barred, but it is claimed by Marchand that the mortgage can not bind the estate against his judgment lien during any longer period than the notice imparted by the record of the trust deed showed it would

be bound. The deed was dated June 29, 1869, and was in form an absolute conveyance to Bassett, subject to the following conditions:

"The condition of this deed is such, that if the party of the first part shall well and truly pay their bonds that are or may be issued, to an amount not exceeding fifty thousand dollars in the whole, dated March 1, 1869, and payable to the said Robert N. Bassett, trustee, or bearer, together with the semi-annual interest thereon, at the rate of seven per cent. per annum, according to the tenor of the coupons attached to said bonds, then these presents to be void," etc.

Marchand, it is said, had no notice of the tenor of the bonds except this reference to them in the trust deed. It is claimed he had a right to presume they were due at the time the trust deed was executed, and that the statute began to run on the day it was dated, and consequently, that as to him, it did begin to run on that day.

We have not been referred to any decided case, and we are not aware of any in which the statutes of limitations or the registration laws have been construed in accordance with these views. By the former an action is only barred by the lapse after the cause of action has accrued, and it is admitted that in this case such period had not elapsed before the action was commenced. Record or actual notice is essential to the validity of a mortgage as against subsequent incumbrancers, but when a mortgage is duly recorded it secures the mortgagee against third persons to the same extent that he is secured against the mortgagor.

It has been frequently decided in California (see *Wood* v. *Goodfellow*, and cases cited, 43 Cal. 185), that as against subsequent incumbrancers the mortgagor can not extend the time of payment, or otherwise increase the burdens on the mortgaged premises, and the correctness of those decisions is not questioned. They are not, however, applicable to this case. No attempt was made by the Monte Christo Company, or its agents, to increase the burdens upon their estate after the lien of Marchand accrued. He knew when he became a creditor that the estate was charged with the payment of fifty thousand dollars of bonds, with semi-annual

interest coupons attached. This, we think, was sufficient notice to him, if any such notice was needed, that the bonds were not then due, and sufficient to put him upon inquiry as to when they would become due, if his action was at all contingent upon the state of the case in that particular.

The last point made in behalf of Marchand is, that the trust deed was void for want of the requisite stamp.

This objection, so far as appears from the statement and assignment of errors, is taken for the first time in this court. It can not, therefore, be considered.

Upon the whole, we are of the opinion that the district court committed no error of which the appellant Marchand can complain. The appeal of the plaintiff Bassett involves but one question. Did the district court err in deciding that he could not recover on the bonds issued to himself and his fellow-directors?

We think this conclusion was erroneous. It is true that a majority of the directors who authorized the issuance of the bonds, and the execution of the trust deed, were to be directly benefited thereby; but this does not appear from the face of the bonds or the deed, and there is no ground, therefore, for holding them void *ab initio*. On their face they are regular and *prima facie* valid. That they were voidable at the election of the corporation, or its stockholders, would seem to be clear; but neither the corporation nor the stockholders have complained, and a stranger, like Marchand, can not. There may be authority for holding, that a deed which purports to have been executed by the grantee as agent for the grantor, is absolutely void as to all the world; but where, as in this case, bonds are issued and a mortgage given to a third party, though for the benefit of the agent or trustee, they are not void, but merely voidable at the election of the *cestui que trust*. If he repudiates the transaction within a reasonable time, it will be set aside by a court of equity, upon the ground that he has been defrauded, and this, as a matter of course, without inquiring whether he has been actually injured or not. But if he chooses to acquiesce in the transaction, a third party, who can not pretend to have been injured there-

by, will not be heard to complain of it. (See authorities cited in notes to secs. 210, 211; Story on Agency, 8th ed.)

The cases cited by counsel for Marchand (49 Cal. 290; 44 Id. 112) are not in conflict with this view. In both instances it was the *cestui que trust* who raised the objection of fraud, and whatever expressions occur in the opinions in those cases must be understood as having been used with reference to that fact.

Our conclusion is, that the decree of the district court should be so modified as to order the sale of so much of the mortgaged premises as may be necessary, and the application of the proceeds, after the payment of the costs and expenses of the litigation and sale, first, to the payment of the whole fifty thousand dollars of bonds and interest due to the bondholders of the company; and, second, to the payment of the claim of Marchand. It is therefore ordered that the district court modify its decree accordingly.