[No. 1317.]

STATE OF NEVADA, RESPONDENT, *v.* R. SADLER AND
CERTAIN REAL ESTATE, APPELLANTS.

21    13
21    93
23*  799
25*  449

ASSESSOR'S DUTY—EXCESSIVE ASSESSMENT—PROPER REMEDY.—It is the
duty of the assessor to assess all property at its true cash value, but
if he errs in this respect the taxpayer's proper remedy is that desig-
nated by law (Gen. Stat. 1091), and he cannot avoid payment of his
taxes on the ground that his property was valued at a higher rate
than that of other persons similarly situated.

INSUFFICIENCY OF ALLEGATION.—An allegation that property was as-
sessed " in an amount greatly in excess of that authorized by law " is
not sufficient to raise any issue as to the true cash value of the prop-
erty, and to raise such issue such value should be alleged.

STATUTORY PROVISION—NECESSARY AVERMENT.—The statute expressly
provides that " where the person complaining of the assessment has
refused to give the assessor his list under oath, as required under
this act, no reduction shall be made by the board of equalization in
the assessment made by the assessor." *Held*, that an allegation that
defendant made application to the board of equalization for a re-
duction of his assessment must include the averment that the sworn
statement was furnished to the assessor, or that no demand for it was
made, in order to constitute a defense to an action for the taxes.

IMPROPERLY VERIFIED TAX ROLL—DUTY OF TAXPAYER.—An objection to the introduction of the delinquent tax roll in evidence, on the ground that it is not properly verified by the county treasurer is immaterial, when the defendant, after his objection is overruled, cured the error, if any existed, by introducing the original assessment roll, which gives the true assessment of his property. There is no necessity of proving a delinquency, as it is the duty of the taxpayer, when his assessment is once properly made, to seek the proper officer and pay his taxes.

REPETITION OF DOLLAR MARK UNNECESSARY.—The dollar mark placed at the head of columns of figures is sufficient and need not be repeated before each item.

OMISSION OF DIRECTORY REQUIREMENTS—TAXPAYER NOT RELEASED. —The acts required of officers " between the assessment and commencement of suit" (Gen. Stat. 1108) are directory merely and their omission will not release the taxpayer from his obligation to the state.

PRACTICE—EVIDENCE, WHEN NOT REVIEWED.—The supreme court will not review the evidence in the absence of a regular statement on motion for a new trial.

APPEAL from the District Court of the State of Nevada, Eureka county.

*A. L. Fitzgerald*, District Judge.

The facts sufficiently appear in the opinion.

*Rives & Beatty*, for Appellant:

I.   By the portion of the answer stricken out the issue was properly raised as to whether an equalization had ever been made; and hence that issue should have remained as made by the pleadings, and the other parts of the answer were improperly stricken out, for the reason that the same constitute a full, valid and legal defense to plaintiff's cause of action. (Hillard on Taxation, Secs. 43-4 and 80 ; Cooley on Taxation, 157-8; *Merrill* v. *Humphreys*, 11 Am. L. Reg. N. S. 208, *et seq.*

II.   There is no conflict of evidence on the subject that the wood ranch was not owned by Sadler, to whom it was assessed, and it could be assessed only *to the owner* or to an *unknown owner* (Sec. 12 Revenue Act); and when the wrong party, Sadler, is sued and it is proven that some one else owns the property, the assessment is void. (Blackwell on Tax Tit., p. 173; *People* v. *Nelson*, 36 Cal. 377; *People* v. *Whipple*, 47 Cal.

591; *People* v. *Castro*, 39 Cal. 65; *City of Oakland* v. *Whipple*, *Id.* 112; *Chapman* v. *City of Brooklyn*, 40 N. Y. 372.)

III.   It is within the power and is an incumbent duty of the trial court to correct its findings in order that justice and right may prevail, and that the party against whom such finding is should not be put to the trouble and expense of a motion for a new trial.   A jury may correct or amend its verdict while yet within its control, and findings, regarded in the same light, should be under the control of the court and subject to correction or amendment.

*J. F. Alexander*, Attorney General, *Peter Breen*, District Attorney of Eureka county, and *A. E. Cheney*, for Respondent.   •

I.   The transcript contains the statement, as proposed by appellants, and the proposed amendments of respondent, but there is nothing from which the court can determine what amendments were allowed and how the amendments effect the original statement, and consequently there is no statement on appeal which this court will consider.   (*People* v. *Edwards*, 9 Cal. 286; *Marlow* v. *Marsh*, 9 Cal. 259; *Skillman* v. *Riley*, 10 Cal. 300; *Baldwin* v. *Ferre*, 23 Cal. 461; *Kimball* v. *Semple*, 31 Cal. 658.   '

II.   A delinquent tax list makes a *prima facie* case, (*State* v. *Eureka Con. My. Co.*, 8 Nev. 15, 29,) but it is not essential to the maintenance of the action.   (*State* v. *Northern Belle My. Co.*, 15 Nev. 385.)   Acts occurring between the assessment of the property and the commencement of suit are merely directory.   To constitute a defense the complaint must not only show a failure to comply with the law but also that it has sustained an injury therefrom.   (Gen Stat. 1109; *State* v. *C. P. R. R. Co.*, 10 Nev. 47, 60; *State* v. *W. U. Tel. Co.*, 4 Nev. 347.)

III.   " If the facts found by the court are contrary to, or are unsupported by the evidence, the remedy is by motion for new trial."   (*Warren* v. *Quill*, 9 Nev. 264; *Whitmore* v. *Shiverick*, 3 Nev. 303; *Beck* v. *Truckee Lodge*, 18 Nev. 246.)

IV.   It is no defense to a tax suit that property was not assessed at its true value (*People* v. *Whyler*, 41 Cal. 351), nor that others do not pay their portion of taxes.   (*State* v. *Eastabrook*, 3 Nev. 173.)   The remedy is petition to the board of equalization (*State* v. *Wright*, 4 Nev. 251), but the board is

without jurisdiction until it is shown that the party has furnished the assessor a statement of his property or that no demand was made for a statement. (*State* v. *Board of Com.*, 5 Nev. 317; *State ex rel. Thompson* v. *Board of Eqalization*, 7 Nev. 83; *State* v. *C. P. R. R. Co.*, 17 Nev. 259.)

V. The only effect of the court's sustaining defendant's objections to the delinquent tax list would have been to cause plaintiff to produce the original assessment roll, but this was done by defendant and defendant's rights were not prejudiced by the harmless ruling of the court. (*Sweeney* v. *Schultes*, 19 Nev. 57; *Lake* v. *Lake*, 16 Nev. 366.)

By the Court, HAWLEY, C. J.:

This is an action to recover delinquent state and county taxes.

1. Appellants claim that the court erred in striking out certain portions of their answer, alleging that the assessment was fraudulently and illegally made, in this: that it was not equal in valuation with that of other property similarly situated and of the same value; that it was assessed " in an amount greatly in excess of that authorized by law, to-wit: its true cash value;" that the assessment was arbitrary, as appellant Sadler never signed, swore to, or made any return of his property; that he appeared before the board of equalization, and protested against the assessment, and demanded that it should be reduced and " fixed at its true value;" and that said board refused and neglected to equalize the same, or any part thereof. This court decided, in *State* v. *Eastabrook*, 3 Nev. 180, that it was no defense to a suit for taxes that other property similarly situated was not assessed at all. It is the duty of the assessor to assess all property at its true cash value. If he errs in this respect, the law provides a proper remedy. (Gen. Stat. Sec. 1091). The tax-payer cannot avoid the payment of his taxes on the ground that his property was valued at a higher rate than the property of other persons similarly situated.

The allegation that the property of appellant Sadler was assessed " in an amount greatly in excess of that authorized by law," was not sufficient to raise any issue as to the true value of the property, even if he was otherwise entitled to make such a defense, because it does not state what the true cash value of the property was. Courts do not deal with trifles. To raise an

issue facts must be stated, showing that there are real questions involved. The allegation, treated as an ordinary pleading denying an indebtedness, amounts to an admission that the true value of the property was only one mill less than the amount of the assessment. But he is not in a position to complain that his property was not assessed at its true value. The statute provides that the taxpayer who has any cause of complaint in this respect may make application to the board of equalization to have his assessment reduced (Gen. Stat. Sec. 1091), and if he fails to do so his remedy is lost (*State* v. *Wright*, 4 Nev. 251).

Sadler alleges that he made such an application; but he does not aver that he complied with other provisions of the statute, which it was necessary to do in order to entitle him to any redress before the board of equalization. The statute expressly provides that "where the person complaining of the assessment has refused to give the assessor his list under oath, as required under this act, no reduction shall be made by the board of equalization in the assessment made by the assessor." In construing this provision it has uniformly been held by this court that the board of equalization has no jurisdiction to act unless it is shown that the complaining party furnished a statement to the assessor as provided by law, or that no demand was made for such a statement; that the burden of proof is upon the defendant to show that such statement was furnished, or that no demand therefor was made. (*State* v. *Commissioners of Washoe County*, 5 Nev. 317; *State ex rel. Thompson* v. *Board of Equalization of Washoe County*, 7 Nev. 83; *State* v. *Central Pacific Railroad Co.*, 17 Nev. 260.) The allegations did not present any question of fraud in the assessment. The court did not err in striking out the allegations, as they did not constitute any defense to the action.

2. The objections made to the introduction of the delinquent tax-roll in evidence, in so far as the same relate to a want of proper verification by the county treasurer as required by law, will not be considered. It is, of course, the duty of the officers to comply with the law; yet it has never been held that it was absolutely essential, to enable the state to collect its taxes, that a delinquent tax-roll should exist in strict conformity with the law. Any irregularity in this respect is a defense in an action to recover taxes only to the extent that the party has been in-

jured thereby. (*State* v. *Central Pacific Railroad Co.*, 10 Nev. 61; *State* v. *Northern Belle Mining Co.*, 15 Nev. 386.) And in this case it affirmatively appears that there was no injury.

It is always an easy method, in making the proofs on the part of the state, to introduce the delinquent roll, as it is made *prima facie* evidence "to prove the assessment, property assessed, the delinquency, the amount of taxes due and unpaid, and that all the forms of law in relation to the assessment and levy of such taxes have been complied with." (Gen. Stat. Sec. 1110.) But the facts may be proven in any other manner. The record shows that appellant Sadler, after his objection was overruled, introduced the original assessment roll, which set forth the assessment as made upon his property. This cured the error, if any existed, in the delinquent roll, and obviates the necessity of determining whether, or not, the court erred in admitting the exhibits taken from the delinquent roll. "The failure of the plaintiff to introduce the delinquent list could certainly do no more than throw on it the necessity of proving a regular assessment. There was no necessity of proving a delinquency. When the assessment is once properly made, it then becomes the duty of the tax-payer to seek the proper officer and pay his taxes." (*State* v. *Western Union Telegraph Co.*, 4 Nev. 346 )

The objections to the assessment roll, to the effect that it did not show, or purport to show, the amount of taxes in money which had been levied and assessed against the respective pieces or parcels of property, and that the taxes had not been properly extended or carried out according to law, are based principally upon the erroneous theory that it is necessary that the dollar mark should be affixed to the value of each piece of property, and to the amount of the tax in the respective columns where the amounts are carried out. The fact is that the dollar mark appeared at the head of each column. This was sufficient to enable the court to determine with certainty the amount of the tax, which is all that the law requires. (*State* v. *Eureka Con. Mining Co.*, 8 Nev. 16.) If the dollar mark is prefixed at the head of an item column of figures, or to some, but not all of the items in the column, or to the totals at the foot of the column, then all the figures standing in the same column must, necessarily, be construed to be dollars without a repetition of the dollar mark before each.

All the objections to the delinquent and original assessment

roll, relate to the acts of officers required to be performed "between the assessment and commencement of suit," which are directory merely (Gen. Stat Sec. 1108), and "an omission of any or all of them will not release the taxpayer from his obligation to the state." (*State* v. *Western Union Telegraph Co.*, *supra*; *State* v. *Central Pacific Railroad Co.*, 10 Nev. 78.)

3. It is contended that there is no evidence to sustain the findings of the court that appellant Sadler was the owner of the "Duker Ranch," which was assessed to him. After the findings were filed, appellants moved the court to correct its findings in this respect, which the court refused. No motion for a new trial was made.

The question of practice relating to this point is too well settled to require discussion. It has always been held that this court can not review the facts in order to ascertain whether the findings are supported by the evidence, unless there has been a regular statement on motion for a new trial. (*Whitmore* v. *Shiverick*, 3 Nev. 303; *James* v. *Goodenough*, 7 Nev. 324; *Conley* v. *Chedic*, Id. 336; *Beck* v. *Truckee Lodge*, 18 Nev. 246; *Burbank* v. *Rivers*, 20 Nev. 81.)

The judgment of the district court is affirmed.