[No. 1387.]

E. COLQUHOUN, RESPONDENT, v. WELLS, FARGO & CO.,
APPELLANT.

PRACTICE—EVIDENCE, WHEN NOT REVIEWABLE.—Where there is no
motion for a new trial the appellate court cannot review the evi-
dence in the case to ascertain whether it supports the verdict.

IDEM—UNINTELLIGIBLE INSTRUCTION.—An unintelligible instruction is.
properly refused.

CERTIFICATE OF DEPOSIT—PAYMENT TO WRONG PERSON.—Where the
plaintiff had placed an indorsed certificate of deposit with the de-
fendant for safe keeping, which defendant agreed to safely keep and
deliver to him, or to pay him the money due thereon, the fact of the
indorsement and the subsequent payment of the certificate to one
who had wrongfully, and without plaintiff's authority, possessed
himself of it, does not constitute a compliance with this agreement.
(Syllabus by BIGELOW, J.)

APPEAL from the District Court of the State of Nevada, Storey
county.

*Richard Rising*, District Judge.

The facts fully appear in the following statement by the jus-
tice delivering the opinion:

Action to recover one thousand and eleven dollars and ninety
cents alleged to be due on a certificate of deposit issued by
defendant, and for one hundred and fifty dollars, subsequently
deposited with it. Verdict and judgment for the plaintiff.

The following are the instructions refused by the court: (1)
" The party dealing with an agent is bound to know at his peril
whether the power of an agent is, and to understand its legal
effect." (2) "If the jury believe that the signature of the
plaintiff on the back of the certificate of deposit is genuine, and
the agency of the Bank of Nevada, for defendant, paid it on
presentation in due course of business, the defendant is not
liable."

*William Woodburn*, for Appellant.

I. The evidence shows that beyond doubt respondent in-
dorsed the certificate of deposit. Such being the case, it was
the duty of the bank to pay the amount it called for to whoever
presented it, and when paid the bank's responsibility ceased.

II.   The evidence shows beyond doubt that Trolson was not authorized to receive deposits for appellant.   Appellant cannot be bound by the unauthorized acts of its agents unless they are within the scope of their authority.   (*Yellow Jacket S. M. Co.* v. *Stevenson*, 5 Nev. 229; *Dougherty* v. *Wells, Fargo & Co.*, 7 Nev. 368; *Lonkey* v. *Succor M. & M. Co.*, 10 Nev. 18.)

.*C. E. Mack*, for Respondent.

I.   (Evidence reviewed and claimed to fully support the verdict.)

II.   It is impossible for a party dealing with a general agent to · know the extent of his power, and in a case like this such knowledge is not required.   (Anderson Law Dic. 42; Story on Agency, Sec. 17; 1 Am. & Eng. Ency. 348; *Lobdell* v. *Baker*, 35 Am. Dec. 358; *Walker* v. *Skipwith*, 33 Am. Dec. 161; *Chouteaux* v. *Leech*, 18 Pa. St. 224.)

III.   Appellant will not be allowed to maintain that the verdict and judgment is not supported by the evidence, because he failed to move for a new trial and this court cannot review the evidence.   (*Burbank* v. *Rivers*, 20 Nev. 81; *Boyd* v. *Anderson*, 18 Nev. 348; *State* v. *Northern Belle*, 15 Nev. 386; *Williams* v. *Rice*, 13 Nev. 234; *City of Stockton* v. *Creanor*, 45 Cal. 247; *Reed* v. *Bernal*, 40 Cal. 628; *Hihn* v. *Peck*, 30 Cal. 287; *Harper* v. *Miner*, 27 Cal. 107.)

By the Court, Bigelow, J. (after stating the facts as above):

There being no motion for new trial, we are not permitted to review the evidence to ascertain whether it supports the verdict. The only points open for consideration here are those concerning the refusal of the court to give two instructions asked by the defendant.

1.   We must suppose that the first instruction is correctly set forth in the transcript (*State* v. *McGinnis*, 5 Nev. 337), and if so, it was properly refused as being unintelligible.

2.   So far as the action is based on the certificate of deposit, the material facts as alleged in the complaint are that while the defendant, a corporation, was doing a banking business at the city of Virginia, Nevada, the plaintiff deposited in the bank one thousand and eleven dollars and ninety cents, for which he received a certficate of deposit; that he then also placed this cer-

tificate with the defendant for safe-keeping, and that " the defendant then and there promised and agreed to safely keep and surrender and deliver to defendant [plaintiff] the said certificate of deposit, or pay him the sum of one thousand and eleven dollars and ninety cents," and that defendant had failed and refused to do either.

None of these allegations were denied by the answer, except the one that defendant had failed or refused to comply with its agreement; on the other hand it alleged that defendant had returned the certificate to the plaintiff, that he had indorsed it and the money had been paid thereon. These constituted then, as to this certificate, the only issues in the case.

From the evidence it appeared that one Trolson, an agent of the defendant, without defendant's authority, had by some means possessed himself of the certificate, and had drawn the money upon it from the agency of the Nevada Bank, which had succeeded to the defendant's business, and had converted it to his own use. The plaintiff, however, testified that he had never seen the certificate after he deposited it with the defendant, and had never authorized Trolson or any one else to draw the money upon it; that if the indorsement which appeared upon the back of the certificate was his, of which he was not certain, it was placed there at the time he left the certificate in the bank. If this evidence was true, and it was entirely uncontradicted, it certainly cannot be said as a matter of law that this indorsement, and the subsequent payment by the Nevada Bank to one who had wrongfully possessed himself of the certificate, proved either a delivery of the certificate to the plaintiff or that he had received payment thereof; and yet this is in effect what the court was asked by the second instruction to tell the jury was the law. Under the pleadings and evidence in the case we are of the opinion that this instruction was properly refused. Judgment affirmed.