[No. 1554.]

## H. W. ROBERTS, RESPONDENT, v. WILLIAM WEBSTER, APPELLANT.

PRACTICE ON APPEAL—CONFLICTING TESTIMONY—CREDIBILITY OF WITNESSES. This court will not weigh the testimony nor determine the credibility of witnesses, and, where a material conflict is shown, the verdict of the jury and the judgment of the trial court will be sustained.

EXCESSIVE DAMAGES—PREJUDICE OF JURY. Upon review of the evidence: *Held*, that the verdict of the jury was not so excessive as to show that it was laboring under the influence of passion and prejudice.

PRACTICE ON APPEAL—FAILURE TO SPECIFY ERRORS. Under Stats. 1893, p. 89, errors not specified in the statement on motion for new trial will be disregarded.

APPEAL from the Second Judicial District Court, Washoe County; *A. E. Cheney*, Judge.

Action by H. W. Roberts against William Webster. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Torreyson & Summerfield* and *E. E. Copeland*, for Appellant.

*Goodwin & Dodge*, for Respondent.

By the Court, MASSEY, J.:

This action was brought to recover damages alleged to have been sustained by reason of the wrongful and fraudulent acts of the appellant while acting as attorney and trustee for the respondent in matters relating to certain real estate in Washoe county, Nevada. In a trial of the issues before a jury a verdict was returned in favor of the respondent, and judgment rendered thereon. From this judgment, and an order denying the appellant's motion for a new trial, the appeal has been taken.

We do not deem it necessary, under the assignment of errors, to recite in detail the averments of the various pleadings, or the facts presented in the statement. It appears that nearly the whole of the testimony adduced at the trial was given by the appellant and respondent, and, in the main, these witnesses agreed as to nearly all the material facts.

The appellant assigns as error that the verdict of the jury and the judgment are contrary to, and not supported by, the evidence.   The points suggested by the appellant under this assignment relate exclusively to such evidence as was given upon the trial by the parties, and upon these points an examination of the record sufficiently establishes the fact that there was material conflict between the testimony given by the respondent and that given by the appellant.

It has been repeatedly decided that this court will not weigh the testimony or determine the credibility of the witnesses, and where, as in this case, a material conflict is shown, the court will sustain the verdict of the jury and the judgment of the trial court.   Neither do we believe that the verdict of the jury was so excessive as to show that it was laboring under the influence of passion and prejudice against the defendant.

Much stress was placed in the argument upon certain objections to instructions given by the trial court to the jury. This matter is not properly before us.   It is expressly provided by our statute that when notice of motion for new trial designates as the ground of the motion errors in law occurring at the trial, and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely, and, if no such specifications be made, the statement shall be disregarded.   (Stats. 1893, p. 89; *Corbett v. Job*, 5 Nev. 201.)   The record in this case shows that no specification of any error relating to the instructions was ever made, and under the provisions of the statute, and the authorities above cited, the matter is not before this court.

The judgment and order appealed from will therefore be affirmed.

ON PETITION FOR REHEARING.

By the Court, MASSEY, J.:

The petition for a rehearing in this action is based upon the prejudice and passion of the jury appearing from the excessive damages awarded by its verdict.   The jury returned a verdict for $1,500.   The district court reduced the damages to $810 24, with the consent of the respondent.   The reason of the reduction is based upon the undisputed facts that the net amount received by appellant from the mortgage and

sale of the property was $1,620 48, for one-half of which sum the appellant was liable. The admitted value of the property was $5,000. It is evident that the jury took into consideration this value in fixing the amount of the damages sustained by the respondent, having determined the controverted facts establishing appellant's liability. The jury had a right to consider the value of the property in determining the amount of damages sustained, and, in view of this value, we are not prepared to say that the damages awarded by the jury were excessive. The appellant cannot complain of the action of the district court in reducing the amount.

The petition will be denied.