[No. 1818]

## LILLIAN MAY FINNEGAN, RESPONDENT, *v.* BERT ULMER, ET AL., APPELLANTS.

1. APPEAL AND ERROR—REVIEW OF EVIDENCE.

Where there was no assignment that the judgment was not supported by the evidence, and no motion for a new trial or statement on motion for a new trial under which the evidence could be reviewed by the trial court or the supreme court, the question whether the evidence supports the judgment is not properly before the supreme court.

2. PLEADING—COMPLAINT—AMENDMENT TO CONFORM TO EVIDENCE.

In an action for rent, an amendment to the complaint to conform to the evidence, and alleging a much earlier possession by plaintiff and his grantors than was asserted in the original complaint, was proper, since under either, a prior possession by plaintiff was acknowledged or implied by the lease, and such prior possession would give as complete a right at law as if it were held for the longer time set out by the amendment.

3. PLEADING—COMPLAINT—AMENDMENT.

In an action for rent under a lease, an amendment to the complaint to conform to the evidence, and consisting in the allegation that defendant occupied the premises longer than was alleged in the original complaint, was proper; such fact being admitted in defendant's answer and testimony.

4. PLEADING—COMPLAINT—AMENDMENTS TO CONFORM TO EVIDENCE.

An amendment to the complaint to conform to the proofs was not prejudicial to defendant as changing the issues and preventing him from disproving the allegations of the amended complaint where he made no showing, when the amendment was allowed, that he had or could supply evidence to disprove such allegations, and from the testimony it could not be presumed that he could have produced such evidence.

APPEAL from the District Court of the Fifth Judicial District of the State of Nevada, Nye County; *J. P. O'Brien*, Judge.

Action by Lillian May Finnegan against Bert Ulmer, William Mulholland, and others. From a judgment for plaintiff, defendant Mulholland appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Bartlett, Thatcher & Gibbons*, for Appellant William Mulholland.

*Pyne, Douglass & Tilden*, for Respondent.

By the Court, TALBOT, J.:

The appeal is taken by the defendant Mulholland from a judgment in favor of the plaintiff for rent or the value of the use, and for the restitution, of the possession of leased premises. The record contains the judgment roll and a bill of exceptions. The only specification of error is to the order of the court allowing the complaint to be amended to conform to the evidence, made after the trial and before final entry of judgment.

It is claimed that this order was erroneous (1) because upon the pleadings and evidence the defendant Mulholland was entitled to judgment against the plaintiff; (2) because there was no evidence sustaining the allegations contained in the amendment allowed to be made; (3) because the amendment changed the issues in the action, and prevented the defendant from answering and introducing evidence to disprove the allegations contained in the amendment; (4) because the defendant Donnelly conveyed his interest in the lease, and gave possession of the premises to the defendant Mulholland; (5) because the amendment injected into the case an issue which the defendant Mulholland had no opportunity to refute; and (6) because the allowance of such amendment was a gross abuse of discretion of the court, and deprived the defendant from meeting the issues thereof.

It is said that this court may determine whether the evidence supports the judgment without any specification of error stating wherein the evidence is insufficient. This might be true if the defendant brought the evidence here in a statement on motion for a new trial with an assignment of error that the decision was not supported by the evidence, without specifying wherein the evidence was insufficient, under section 197 of the civil practice act (Comp. Laws, 3292), which as amended provides: "When the notice designates, as the ground upon which the motion will be made, the insufficiency of the evidence to justify the verdict or other decision, it shall be a sufficient assignment of error to specify that the verdict of the jury, or the decision, or judgment, or decree of the court, is not supported by the evidence, or is contrary to the evidence. In such case where it appears that the evidence

taken altogether does not support the verdict, or decision, or judgment, or decree of the court, a new trial shall be granted, or, upon appeal, the case shall be reversed without regard to whether there are express findings upon all the issues, or whether the specifications particularly point out the finding or findings, either express or implied, that are not supported by the evidence, or are contrary thereto. When the notice designates, as the ground of the motion, error in law occurring at the trial and excepted to by the moving party, the statement shall specify the particular errors upon which the party will rely. If no specifications be made, the statement shall be disregarded. * * *" Section 191 (Comp. Laws, 3286) directs "that the point of the exception shall be particularly stated." (*McGurn* v. *McInnis*, 24 Nev. 370; *Schwartz* v. *Stock*, 26 Nev. 150, and cases cited; *State* v. *Williams*, 31 Nev. 360.)

As there was no assignment that the judgment was not supported by the evidence, and no motion for a new trial nor statement on motion for a new trial under which the evidence could be reviewed by the trial court or this tribunal, consequently the question whether it supports the judgment which has been extensively argued is not properly before us under the rule so often laid down. (*Candler* v. *Ditch Co.*, 28 Nev. 163; *Burbank* v. *Rivers*, 20 Nev. 81, and cases cited; *Simpson* v. *Ogg*, 18 Nev. 28; Hayne on New Tr. & App. sec. 96.) There is good reason for this practice because questions relating to the facts and sufficiency of the evidence are more directly for the consideration of the trial court, which is in a better position to observe the demeanor of the witnesses and has a better opportunity to properly determine and review these questions. Section 195 of the civil practice act allows as one of the grounds for a new trial the insufficiency of the evidence to justify the verdict or decision, or that it is against law. Here it appears that the appellant has proceeded under section 3860 of the Compiled Laws or section 4 of "An act to regulate appeals in the courts of justice of this state," which provides: "During the progress of a cause a party may take his bill of exceptions to the admission or exclusion of testimony, or to the ruling of judges on points of law, and it shall not be neces-

sary to embody in such bill anything more than sufficient facts to show the point and pertinency of the exceptions taken. The presiding judge shall sign the same as the truth of the case may be, and such bill shall then become a part of the record, and a party against whom judgment is rendered may appeal from such judgment without any further statement or motion; and on such appeal it shall only be necessary to bring to the supreme court the transcript of the pleadings, the judgment and the bill or bills of exception so taken."

It is not claimed that there is any error on the face of the judgment roll itself, and therefore we are limited under the only specification in the bill of exceptions to determining whether the court properly made the order allowing the amendment. Does an examination of the amendment in connection with the original complaint, the answer, and the evidence show that the court erred in making the order? The original complaint alleged that a lease had been executed by the plaintiff to the defendant Ulmer, and different transfers thereof, and that appellant entered and occupied the premises under the defendants Ulmer, Toohey, and Donnelly, who had entered under the original lease, which indicated that the appellant had obtained his possession by reason of this lease and the possession obtained thereunder. The amendment alleged a much earlier possession by plaintiff and grantors than was asserted in the original complaint, but under either a prior possession by plaintiff was acknowledged, or implied by the lease, and such prior possession by plaintiff, if for only a day, would give as complete a right at law as if it were held for the longer time set out by the amendment. The amendment went more into detail regarding the holding of possession by the appellant, but it is not necessarily or materially in conflict with his own testimony. Even if his contentions relating to notice, abandonment, and rights under the town-site act, which are treated at length in the briefs, could be considered and upheld if the case were before us on an appeal from an order denying a motion for a new trial, the amendment allowed, to which exception is confined, would not have injured the appellant under his own evidence,

the original complaint, and the answer, with the possible exception of the allegation that he had occupied the premises longer than was stated in the original complaint—a fact that he admitted by his testimony and answer, thereby making the amendment in that regard proper. In alleging an earlier possession the amendment was also supported by the evidence, and the fact that plaintiff's grantor had lived upon and occupied the premises and had leased the same to the parties in interest from whom the appellant acquired his claim to possession was apparently conceded, so that the amendment did not allege any new material facts against the appellant which were not supported by the allegations of the original complaint or answer or by testimony given by himself and others.

The claim that the amendment changed the issues and prevented the appellant from refuting and disproving its allegations is also met by the fact that he did not make any showing to the court at the time the amendment was allowed that he had or could supply any evidence which could disprove them, and, in view of the testimony given by the appellant and others on the trial, it cannot be presumed that he could have produced any such evidence, or that he was deprived of his rights, and not given an opportunity to disprove something which he did not claim that he could prove, and which would apparently have been in conflict with his own testimony. The practice of allowing pleadings to be amended during and after trial to conform to the proofs is so common and proper as to hardly need the citation of authorities for its support.

In *McCausland* v. *Ralston*, 12 Nev. 202, 28 Am. Rep. 781, it was said: "Courts in allowing pleadings to be amended are necessarily clothed with discretionary powers which cannot, owing to the varying circumstances of each particular case, be governed by any general rule. The vital question is whether the court has grossly abused its discretion in this respect, or whether, by the allowance of the amendments, manifest injustice has been done to appellant. * * * There is no showing that appellant was misled to his prejudice, or that he was deprived of introducing any testimony that he might wish to offer in consequence of the amendments. * * * This court has always been quite liberal in sustaining the action of the

lower courts in allowing or refusing amendments to pleadings, to the end that substantial justice may be done between the parties.    *   *   *"

The judgment is affirmed.