No. 2608

## GIANNOTTI v. DE BOCK

January 5, 1924.                        221 Pac. 520.

1. APPEAL AND ERROR—MOTION FOR NEW TRIAL NECESSARY TO
   SECURE CONSIDERATION OF EVIDENCE.
   The necessity for making a motion for a new trial, when a
   consideration of the evidence is desired, as provided in Rev.
   Laws, 5328, is not dispensed with by a contention that the
   undisputed evidence does not in law justify the findings and
   the judgment.

APPEAL from Second Judicial District Court, Washoe
County; *C. J. McFadden,* Judge of Ninth Judicial District, presiding.

Action by Assunta Giannotti against Gus De Bock.
Judgment for defendant, and plaintiff appeals. **Affirmed.**

*Frame & Raffetto,* for Appellant:

Only purpose of motion for new trial is to call court's
attention to errors of law occurring at trial. If errors
complained of were errors occurring at trial, respondent's position would be correct, but sufficiency of evidence to support decision can be reviewed without
motion for new trial, as same is not error of law occurring at trial. The evidence offered below being before
this court, contained in proper statement, embodied in
in record, appellant is entitled to have question of
sufficiency examined.

There is no legal or competent evidence to support
findings and judgment. Incompetent evidence is not
sufficient to raise such conflict of evidence as to preclude
this court from examining its sufficiency upon appeal
and reversing judgment, where evidence fails to support
judgment. McCloud v. Miller & Lux, 40 Nev. 447.

*Sardis Summerfield,* for Respondent:

Transcript on appeal contains what is designated as
"Statement on Appeal" and which does contain summary of material evidence. Respondent's counsel
signed it with express reservation to move for its suppression and to object to its consideration by this court
on ground it is unauthorized by law and does not comply

with provisions providing mode in which evidence in trial court may be incorporated in transcript on appeal.

Pursuant to such reservation, respondent now moves to suppress statement, and that this court refuse to consider it.

No motion for new trial was made. Such motion is necessary when alleged errors respecting evidence are relied upon. Gill v. Goldfield Con. M. Co., 43 Nev. 1.

If respondent's motion be sustained, nothing remains to consider except judgment roll. No error being disclosed there, judgment should be affirmed as matter of course.

By the Court, COLEMAN, J.:

This is an appeal from the judgment. No motion for a new trial was made in the action.

Counsel for respondent contends that we cannot consider the evidence in the case, since no motion for a new trial was made. In this contention he is clearly right, as we have repeatedly held. Section 386 of our civil code (Rev. Laws, 5328) reads:

"Where the appeal is based upon the ground that the evidence is insufficient to justify the verdict or decision of the court, or to support the findings, * * * a motion for a new trial must be made and determined before the appeal is taken. * * * "

It is appellant's contention that "there is no legal or competent evidence in the record to support the findings and judgment." In other words, that the undisputed evidence does not in the law justify the findings and judgment. Upon this it is said that no motion for a new trial was necessary.

As we understand the theory and reason for requiring that a motion for a new trial be made and passed upon before this court can consider the evidence, it is that the trial court may first have an opportunity to rectify an error, if one was made, without subjecting the parties to the expense and annoyance of an appeal. 2 R. C. L. p. 98, sec. 72.

Speaking of statutes such as ours, it is said in 3 C. J. 963:

"Where a motion for a new trial is required, it cannot be waived or dispensed with by stipulation of the parties."

The provision of the statute quoted is clear and unambiguous, and has, in the past, been construed according to its clear import. It is not our prerogative or desire to nullify statutes by strained construction.

We held in Gill v. Goldfield Consolidated Mining Co., 43 Nev. 1, 176 Pac. 784, 184 Pac. 309, that a motion for a new trial must be made when a consideration of the evidence is desired by the court.

No error appearing upon the judgment roll proper, it is ordered that the judgment appealed from be affirmed.