JAMES NEILL AND MARY NEILL, HIS WIFE, RESPONDENTS, *v.* SEBASTIAN MIKULICH, APPELLANT.

No. 3158

February 3, 1937.                    64 P. (2d) 612.

*Ham & Taylor*, for Appellant:

*Harry H. Austin,* for Respondents:

## OPINION

By the Court, COLEMAN, C. J.:

This action was instituted to recover damages alleged to have been caused by the negligence of the defendant. The jury returned a verdict in favor of the plaintiffs, on February 26, 1936. On the 29th day of that month judgment was entered upon the verdict, in favor of plaintiffs. On March 3, 1936, defendant served and filed his notice of intention to move for a new trial, which, pursuant to section 4, chapter 90, Stats. 1935, is deemed a motion for a new trial. The court denied the motion for a new trial, upon the ground that the notice of intention was not served and filed in apt time.

Before considering the points made by appellant, we will dispose of two contentions made by respondent, namely: (1) That the ruling of the court in denying the motion for a new trial was correct; and (2) That the appeal is from the judgment only.

Respondent contends that the order denying the motion for a new trial was right, for the reason given by the court. Section 4, chapter 90, Stats. 1935, amending section 8879 N. C. L., provides that a party intending to move for a new trial in a case, in which a verdict of a jury has been rendered, must do so within five days after the verdict of the jury. Counsel for appellant contends that section 9, chapter 90, Stats. 1935, amending section 8884 N. C. L., controls, and that appellant was not limited to five days within which to file and serve his

notice of intention to move for a new trial. The last-named section reads: "Where the appeal is based upon the ground that the evidence is insufficient to justify the verdict or decision of the court, or to support the findings, or upon alleged errors in ruling upon the evidence, or upon instructions claimed to be erroneous, a notice of intention to move for a new trial must have been filed and served by the unsuccessful party in the action upon the prevailing party thereto before the time for an appeal from the judgment has expired. In all other cases the party aggrieved may appeal with or without first moving for a new trial."

■ We cannot agree with the contention of appellant. In our opinion section 4 was intended to fix the time within which a notice of intention to move for a new trial must be served and filed. On the other hand, it is clear that it was intended by section 9 to designate the circumstances in which a party must serve and file his notice of intention to move for a new trial before appealing, and those in which an aggrieved party may appeal without first moving for a new trial.

■ Both of the sections in question, insofar as they are material in the instant matter, have been the law of this state for many years (see sections 5323 and 5328 Rev. Laws 1912), and the view we have expressed has been uniformly accepted. Furthermore, it is a fundamental rule of statutory construction that, where possible, effect should be given to all parts of the statute, and the various portions so harmonized as to enable them all to stand. Garson v. Steamboat Canal Co., 43 Nev. 298, 185 P. 801, 1119; 59 C. J. 995.

Accepting the rule just stated as our guide, there can be no other conclusion than the one stated.

The notice of appeal, in part, reads: "That this appeal is taken from the said Judgment and the whole thereof and all intermediate rulings, proceedings and orders which affects the rights of the defendant and hereafter to be specified in the record and Bill of Exceptions on appeal."

■ The appeal is from the judgment and all intermediate rulings. From the statement above made, it appears that the judgment was entered upon the verdict on February 29, 1936, and that the notice of intention to move for a new trial was served and filed on March 3, 1936; hence it is seen that no appeal was taken from the order denying the motion for a new trial.

■ In this situation, as we have often pointed out, we cannot consider the evidence to determine its sufficiency to sustain the verdict and judgment. Sustaining this view are the following authorities: Burbank v. Rivers, 20 Nev. 81, 16 P. 430; State v. Sadler, 21 Nev. 13, 23 P. 799; Finnegan v. Ulmer, 31 Nev. 523, 104 P. 17; Gill v. Goldfield Consol. M. Co., 43 Nev. 1, 176 P. 784, 184 P. 309; Giannotti v. De Bock, 47 Nev. 332, 221 P. 520; Leech v. Armstrong, 52 Nev. 125, 283 P. 396, 287 P. 174.

But it is insisted that pursuant to section 34, chapter 90, Stats. 1935 (amending section 9390 N. C. L.), we may consider all of the errors assigned by appellant. That section reads: "Bills of exceptions provided for by this act may be prepared, served, and filed, as herein provided, and all errors relied upon which may have occurred at the trial, or which may be alleged against the findings, or exceptions to the findings as made, and all errors based upon any ground for a new trial, may be included therein, and all such errors may be reviewed by the supreme court on appeal from the judgment or order denying the motion for a new trial."

There is in the record a transcript of the testimony in the case, which, together with the instructions given by the court and those refused, and other matter, is settled as a bill of exceptions, by stipulation of the parties.

As we heretofore stated, the various sections in the chapter mentioned should be so harmonized as to give force and effect to every portion thereof, so far as possible. Hence we think it necessary that we consider in

this connection section 12 of the act in question (amending section 8887 N. C. L.), which reads: "Upon an appeal from a judgment, the court may review the decision, and any intermediate ruling, proceeding, order or decision which involves the merits or necessarily affects the judgment, or which substantially affects the rights of a party, which comes within the specifications of error and record on appeal or is embraced in the bill of exceptions. The provisions of this section do not authorize the court to review any decision or order from which an appeal might have been taken."

■ From a reading of the last sentence of this section, it is clear that the only way this court can consider the insufficiency of the evidence to justify the verdict, the rulings upon instructions, and other rulings enumerated in section 9 of the act, is for the aggrieved party to make his motion for a new trial and to appeal from an adverse ruling. The last sentence of section 12 clearly contemplates such procedure.

■ That portion of section 34 which provides that "all such errors may be reviewed by the supreme court on appeal from the judgment or order denying the motion for a new trial" must be construed to mean that an aggrieved person can appeal from the judgment only in cases in which a motion for a new trial may not be made, for if we hold otherwise the result would be to say that it is not necessary to file a motion for a new trial in any case, and the section itself contemplates the necessity of making such a motion in an appropriate case.

■ Error committed in ruling upon objections to instructions given, or to exceptions to the refusal to give a requested instruction, is an error in law occurring at the trial [Roberts v. Webster, 25 Nev. 94, 57 P. 180, 58 P. 411; Stoneburner v. Richfield Oil Co., 118 Cal. App. 449, 5 P.(2d) 436]; hence we cannot consider the errors alleged to have been committed by the trial court in refusing to give requested instructions, since such errors

are the basis for a motion for a new trial [Stats. 1935, c. 90, p. 195], there being no appeal from the order denying such motion.

■ Counsel assigns as error misconduct of counsel for the plaintiff, which was not cured by an appropriate instruction. For the reason just stated, we cannot consider the instructions given and refused, to determine the point.

There being no contention that any error appears upon the face of the judgment roll, it follows from what we have said that the judgment and order appealed from should be affirmed.

It is so ordered.

ON PETITION FOR REHEARING

March 17, 1937.

*Per Curiam:*

Rehearing denied.