[Sac. No. 1313.   Department One.—April 29, 1905.]

HAROLD T. POWER, Appellant, v. P. M. FAIRBANKS et al., Respondents.

ORDER GRANTING NEW TRIAL—REVIEW UPON APPEAL—NOTICE OF MOTION NOT MADE PART OF RECORD—PRESUMPTIONS.—Upon appeal from an order granting a new trial all presumptions are in favor of the order, and where the notice of motion is not made part of the record by a statement or bill of exceptions it cannot be considered, and the order will be affirmed on any presumed ground of the motion upon which it could be based.

ID.—RECITALS AND REASONS FOR ORDER.—Recitals in the order granting a new trial as to the showing made constitute no part of the order, and the reasons given by the court for its action are immaterial.

ID.—ACTION FOR TRESPASS—ORDER GRANTING NEW TRIAL OF LIMITED ISSUES—OTHER LANDS—FINDING OUTSIDE ISSUES.—In an action of trespass in the cutting down and removal of timber upon specified lands, where damages were given for the cutting of timber upon part of such lands, a new trial could not properly be granted upon limited

issues involving the right of possession, trespass upon, and injury to land as to which no relief was granted, or as to which the complaint and answer presented no issues. A finding outside the issues is not ground for new trial.

ID.—CROSS-COMPLAINT—ISSUES—FINDING—FAILURE TO FIND—GROUNDS FOR NEW TRIAL.—Where issues were joined upon a cross-complaint in such action to quiet the title of the defendant against the claims of the plaintiff, although there may be a question as to the propriety of it, especially in regard to property not described in the complaint, yet, the subject-matter thereof being within the jurisdiction of the superior court, the court could grant a new trial upon any statutory ground, both of an issue joined upon the cross-complaint as to lands upon which the court made a finding, and also for failure to find upon a material issue joined upon the cross-complaint as to other lands not described in the complaint.

APPEAL from an order of the Superior Court of Placer County granting a new trial. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

John M. Fulweiler, for Appellant.

Tabor & Tabor, for Respondents.

ANGELLOTTI, J.—This is an action for six hundred dollars damages for trespass in the cutting down and removal of timber growing on land alleged to belong to plaintiff, and described in the complaint as the southeast quarter and the east half of the southwest quarter of section 5, township 15 north, range 11 east, M. D. M., and for an injunction restraining the further cutting of timber on said land. The answers deny any cutting of timber except upon the southwest quarter of said section 5, which, with the timber thereon, was alleged by such answers to be the property of defendants.

The defendants also served and filed a cross-complaint, alleging that they were the owners of the whole of the southwest quarter of said section 5; that plaintiff claimed some interest in the timber growing thereon, and that such claim was wholly without right, and asking a decree adjudging them to be such owners and restraining plaintiff from making any such claim.

Plaintiff answered this cross-complaint, denying the allegations of ownership of defendants, and admitting and alleging his own claim thereto.

There might be some question as to the propriety of such a cross-complaint in an action of this character, especially in regard to real property not covered by the complaint, but that question is obviated by the fact that no objection was made thereto, the plaintiff answering the same and submitting without objection to a trial of the issues made thereby, and the subject-matter thereof being within the jurisdiction of the superior court. (See *Santa Barbara* v. *Eldred,* 95 Cal. 378, 381.)

The trial was by the court without a jury, and the court found that the plaintiff was the owner of all the timber standing and growing upon the southeast quarter and north half of the southwest quarter of said section 5, and that defendants had, without plaintiff's consent, cut down and removed therefrom timber of the value of $342, for which amount it gave judgment. The injunction asked for by plaintiff was denied.

There was no finding as to the ownership of the southeast quarter of the southwest quarter of said section 5.

Subsequently, on defendants' motion, a new trial was granted "as to the limited issue involving the right of possession, trespass upon and injury to said S. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ and said N. W. $\frac{1}{4}$ of S. W. $\frac{1}{4}$, and as to such other issues as involve said two tracts," and denied in all other respects.

Plaintiff appeals from such order granting a new trial as to the issues named.

So far as the issues made by the complaint and answer are concerned, a new trial could not properly be granted solely as to the questions named in the order.

The issue as to the southeast quarter of the southwest quarter is immaterial, in view of the judgment given. No relief was ordered by the decision or given by the judgment in regard thereto, the only relief given being damages for the removal of timber from other lands. Defendants, therefore, have no ground for complaint because of the failure of the court to make a finding as to such southeast quarter of the southwest quarter. Assuming that a finding thereon should be in their favor, the judgment as to damages, in view of the other findings, would not be different.

As to the so-called issue as to the northwest quarter of the southwest quarter of section 5, there can be no new trial on

the question of damages, as there was no issue in regard thereto presented by the complaint, and no recovery was sought in regard thereto. The finding in this respect was outside of the issues. The fact that the trial court has made a finding outside of the issues does not warrant the granting of a motion for a new trial. Such an objection is available only upon an appeal from the judgment. A new trial is simply a re-examination of an issue of fact, and where there is no issue of fact there is nothing to retry.

As to the issues made by the cross-complaint and the answer thereto, a different question is presented. There was an issue as to the ownership of both the northwest quarter and the southeast quarter of said southwest quarter of section 5. The court failed to make any finding as to the southeast quarter, and the failure to find upon a material issue is ground for a new trial of such issue.

The court did find upon the issue as to the ownership of the timber on the northwest quarter of the southwest quarter of section 5, and a new trial could be granted as to such finding upon any ground specified in the statute for the granting of new trials.

The record on appeal before us contains only the judgment-roll, the order granting the motion, the notice of appeal, and the certificate of the clerk. There is no statement or bill of exceptions before us, and the so-called notice of motion for a new trial constitutes no part of the record on appeal. This being the record, we can find no ground for interfering with the order appealed from so far as it permits a new trial as to the questions stated herein. Every presumption is in favor of that order, and it devolves upon the party appealing from an order granting a new trial to affirmatively show error. This can only be done by presenting a record showing what was before the court upon the hearing of the motion. The order of the trial court cannot take the place of a bill of exceptions or statement. The order simply indicates the action of the court, and not the showing upon which such action is based. Therefore, statements or recitals in the order as to the showing·made constitute no part of the order. These things can be shown only by the bill of exceptions or statement, in the preparation of which the party in whose favor the order is made will have an opportunity, by the presentation of pro-

posed amendments, to make the record speak the truth. He cannot be deprived of this by recitals in the order.

Likewise, the reasons given by the court for its action are immaterial. The reasons given for the decision may be bad, and the decision, at the same time, correct for other reasons. It is the action of the court that is presumed to be correct, and this presumption obtains even though the reasons given may be bad.

We have had occasion recently to consider the question here presented. (*Skinner* v. *Horn,* 144 Cal. 278.) In accordance with the view there expressed, we must assume in favor of the action of the trial court that the motion for a new trial was based upon some one or more legal grounds upon which a sufficient showing was made to warrant the action of the trial court in regard thereto. The *record* before us does not show the contrary.

As already stated, there can be no new trial in the respects specified in the order as to the issues made by the complaint and answers, and the judgment for damages cannot, therefore, be affected by a new trial. But we cannot say that the evidence upon a new trial as to the issues made by the cross-complaint and answer may not be such as to entitle defendants to a judgment based upon their cross-complaint as to the ownership of the timber on the specified subdivisions of land, quieting their title thereto.

So far as the order grants a new trial as to the issues involving the ownership of and right of possession to the timber growing upon the southeast quarter of the southwest quarter and the northwest quarter of the southwest quarter of said section 5, it is affirmed. In all other respects it is reversed.

Shaw, J., and Van Dyke, J., concurred.