[Sac. No. 4325. In Bank.—July 21, 1930.]

FRED WARNER PHILLIPS, a Minor, etc., Appellant, v. DEWEY POWELL et al., Respondents.

Philip M. Carey, Donald McClure and Edward Van Vranken for Appellant.

Foltz, Rendon & Wallace and A. V. Scanlan for Respondents.

SHENK, J.—This is an appeal from an order granting the defendants' motion for a new trial.

The action is to recover damages for the alleged negligence and unskilfulness of the defendants in a surgical operation performed by them on the minor plaintiff. The operation is known as a tracheotomy and consists of the making of an incision in the trachea for the purpose of permitting air to reach the lungs of the patient. It is undisputed that the operation was performed upon the plaintiff, who was five years old, when he was suffering from laryngeal diphtheria, and that in the performance thereof the blade of the Bard-Parker instrument used to make the incision broke and became imbedded in the fleshy portion of the plaintiff's neck and has since remained there in a vertical position and has become at least partially encysted. The operation was performed without an anesthetic, there being evidence that it would have been inadvisable to administer an anesthetic under the circumstances. The jury returned a verdict in favor of the plaintiff in the sum of twenty-five thousand dollars.

The order of the trial court granting the motion for a new trial does not specify the grounds on which the order was made. The motion was made upon all of the statutory grounds. In the absence, however, of a statement in the order that the new trial was granted upon the ground of the insufficiency of the evidence to justify the verdict, it must be presumed on this appeal that the order was not made upon that ground. (Sec. 657, Code Civ. Proc.) Although we are thus precluded from a consideration of the sufficiency of the evidence to sustain the verdict unless it is insufficient in law and without material conflict, nevertheless we may not disturb the order if it can be upheld upon any other ground shown by the record. (*Read* v. *Pacific Electric Ry. Co.*, 185 Cal. 520, 521 [197 Pac. 791]; *Biaggi* v. *Ramont*, 189 Cal. 675, 681 [209 Pac. 892].) We can scarcely say on the record before us that there is no material conflict on any material point, and that the evidence therefore, as a matter of law, does not

justify a verdict for the plaintiff. ■ One of the grounds of the motion was that the amount of the verdict was excessive. This court, in the recent case of *Campanella* v. *Campanella*, 204 Cal. 515 [269 Pac. 433], expressed its doubt that a consideration of this ground is open to the appellant where the trial court has not specified that the motion for a new trial was granted on the ground of insufficiency of the evidence, "for a verdict unduly excessive is a verdict, in part at least, unsupported by the evidence. In other words, a deficiency in the evidence must be the basis for every contention that the verdict is excessive, or the result of passion or prejudice." (*Campanella* v. *Campanella, supra*, p. 523.) Conceding the correctness of the conclusion in that case, it is manifest that, where errors have been committed, the amount of the verdict may be considered in determining whether the errors have been prejudicial to such an extent as to justify the conclusion that the court has not abused its discretion in granting the motion.

■ The first error complained of concerns the refusal of the trial court to permit the witness Dr. Woolsey to testify to an examination of the plaintiff which he made after the operation had taken place. The objection to the testimony was sustained, as the record shows, on the ground that it constituted a privileged communication. The objection was improperly sustained. Pursuant to the provisions of section 1881, subdivision 4, of the Code of Civil Procedure, the bringing of the action to recover damages for personal injuries constitutes a waiver of the privilege, provided the testimony is material to the issues. The appellant contends that the objection is futile in the absence of any offer of proof showing to the trial court the materiality of the testimony attempted to be elicited. But it would seem to need no offer of proof to show the materiality of testimony relating to the child's condition after the operation.

■ The respondents contend that certain instructions given were prejudicially erroneous. The instructions mainly relied upon as having prejudiced the substantial rights of the defendant are several similar instructions, five in number, wherein the court charged the jury that in considering whether one or the other or both of the defendants, in the

"examination, diagnosis, treatment and care of the plaintiff exercised ordinary care and skill, you cannot set up a standard of your own, but must be guided in that regard by the testimony or admissions of physicians and surgeons; and if you are unable to determine from such testimony or admissions what constitutes ordinary care and skill as applied to this case, then your verdict must be for the defendants." There was testimony by one witness that a reply made by Dr. Powell to the inquiry as to what was the cause of the blade having broken, was that "the blade was not crystallized. It is the best blade I have. I have used it in a number of other operations, and it is my fault in using that kind of blade in that kind of an operation." Another witness testified that Dr. Powell reported that he had had a slight accident, that he had broken a knife in the operation, but in spite of the bungling job, he thought the boy was going to pull through. It was testified by Mrs. Phillips, the boy's mother, that Dr. Chapman, who had assisted, but had not actually performed the operation, made no reply to her when she stated to him, "I cannot help feeling that it was the fault of you doctors." We are of the opinion that these statements or otherwise did not constitute admissions that the defendants "did not possess and use that reasonable degree of learning and skill which was ordinarily possessed by the members of their profession in good standing practicing in the vicinity," which is the only standard by which the liability of the defendants may be determined. (See *Markart* v. *Zeimer,* 67 Cal. App. 363, 371 [227 Pac. 683]; *Hesler* v. *California Hospital Co.,* 178 Cal. 764 [174 Pac. 654]; *Perkins* v. *Trueblood,* 180 Cal. 437 [181 Pac. 642].) The effect of the instructions was to charge the jury that the standard of care could be determined by the admissions of the defendants. An examination of the record discloses that this error was prejudicial to the substantial rights of the defendants and the error was not cured by other instructions given.

Other points are made in support of the order. They relate mainly to matters incident to the first trial and a discussion of them would not assist the court on a new trial. From what has been stated it satisfactorily appears that there is not presented herein the required "showing of clear and manifest abuse of discretion on the part of the

trial court in respect to granting" the motion for a new trial herein to entitle the appellant to a reversal. (*Scott* v. *Times-Mirror Co.*, 178 Cal. 688, 690 [174 Pac. 312].)

The order is affirmed.

Richards, J., Preston, J., Langdon, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.