[Civ. No. 563. Fourth Appellate District.—November 20, 1931.]

BELLE STONEBURNER, Respondent, v. RICHFIELD OIL COMPANY OF CALIFORNIA (a Corporation), Defendant; P. R. McCUTCHEN, etc., et al., Appellants.

O'Melveny, Tuller & Myers and J. R. Girling for Appellants.

H. W. Phipps and Fred A. Wilson for Respondent.

FREEMAN, J., *pro tem.*—On the thirteenth day of August, 1929, Belle Stoneburner was a passenger in an automobile driven by Mrs. Odessa Hendee westerly along the Valley Boulevard, a public highway connecting the cities of Los Angeles and San Bernardino. At a point about eight miles westerly of the town of Bloomington, the Hendee car came into collision with a light automobile driven by an

unknown person. Mrs. Stoneburner was seriously injured in the collision and brought this action against the defendants to recover damages.

It appears from the record before us that a truck and trailer equipped with large tanks used for the transportation of gasoline were proceeding westerly on the Valley Boulevard in advance of the Hendee automobile which overtook them some distance easterly from the place of the accident. After following the truck and trailer for some distance, Mrs. Hendee saw an opportunity to pass. She sounded several blasts with her automobile horn and proceeded around the left-hand side of the trailer. When she reached a point about opposite to or slightly in front of the center of the truck, its driver swung to his left across the center of the highway so that Mrs. Hendee did not have sufficient room upon the pavement to pass. She applied her brakes, slowing her automobile until it dropped back nearly opposite the rear of the trailer, and again sounded her horn. The truck returned to its right-hand side of the pavement and Mrs. Hendee again tried to pass. When she reached the same relative position as before, opposite or a little in front of the center of the truck, it was again swung to the left across the center of the highway, forcing the Hendee automobile into deep sand on the left of the pavement where the car came into collision with a light coupe driven by the unknown party causing injuries to Mrs. Stoneburner.

It is alleged in the complaint that the truck and trailer were owned by the Richfield Oil Company of California, a corporation, and P. R. McCutchen, doing business as McCutchen Transportation Company, and was being driven and operated upon their business by Frank Chappell, who was their agent and employee acting within the scope of his employment. The answers filed deny ownership of the truck and trailer by either of the above named defendants, deny that they were operated by any of their servants, agents or employees, or upon their business, and deny any negligence. The answer of P. R. McCutchen and Frank Chappell allege that the accident and consequent injury to Mrs. Stoneburner was occasioned solely by the negligence of Mrs. Hendee. No contributory negligence on the part of Mrs. Stoneburner was alleged.

After a lengthy trial the court below granted the motion of the Richfield Oil Company of California for an instructed verdict in its favor and denied a similar motion made by McCutchen and Chappel. The jury returned verdicts against Mrs. Stoneburner and in favor of all the defendants.

Mrs. Stoneburner thereupon made a motion for a new trial upon all the grounds specified in the statute, which was granted as to McCutchen and Chappell, by the following order: ''Motion for new trial, heretofore submitted, granted, except as to Richfield Oil Co. of Calif.''

The defendants, McCutchen and Chappell are before this court on their appeal from the order. ▮ As the sole ground for its reversal, they urge that as the order did not specify insufficiency of the evidence to support the verdict, the trial court and this court must presume that the verdict and judgment were supported by the evidence (sec. 657, Code Civ. Proc.), and that we are required by law to reach the conclusion that a new trial cannot be granted because of errors of law alone, as such errors of law could not have resulted in any miscarriage of justice, the evidence being sufficient to support the verdict and judgment. This ingenious theory is supported by able argument without the citation of any decision supporting it.

Appellants base their arguments solely upon the provisions of section 4½ of article VI of the Constitution, which provides that: ''No judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.''

Section 657 of the Code of Civil Procedure contains the following: ''When a new trial is granted, on all or part of the issues, upon the ground of the insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order it will be presumed that the order was not based on that ground.'' We may therefore concede that we are required to presume that the order of the trial court granting a motion for new trial was

based upon errors of law and not upon the ground of the insufficiency of the evidence to sustain the verdict. However, we do not conclude that in the absence of a statement in the order that the motion for new trial was granted because of the insufficiency of the evidence to sustain the verdict, either the trial court or this court is precluded from examining the evidence for the purpose of determining whether or not any errors of law occurring during the trial "resulted in a miscarriage of justice". The very language of section 4½ of article VI of the Constitution seems clearly to place such a duty upon the trial court in considering and ruling upon a motion for new trial and upon an appellate court in reviewing an order granting such a motion.

In *Montgomery* v. *Globe Grain & Milling Co.*, 109 Cal. App. 695 [293 Pac. 856, 858], it was said: "It is a well settled rule of law in California that an erroneous instruction given by the court to the jury is an error of law that is considered excepted to as a matter of law. (Sec. 647, Code Civ. Proc.) While an instruction gives the law of the case to the jury, its applicability, and oftentimes its correctness, depends upon the evidence in the case. An instruction should not be considered as merely an abstract statement of a principle of law but it must relate to and be measured by the circumstances of the case in which it was given. To determine the question of whether there was any error in giving it frequently requires an examination of the evidence in the case. (*Hamlin* v. *Pacific Electric R. Co.*, 150 Cal. 776 [89 Pac. 1109]; *Shipley* v. *San Diego Electric R.*, 106 Cal. App. 659 [289 Pac. 662].)" There are numerous other authorities supporting the doctrine thus announced.

In 2 California Jurisprudence, at page 905, it is said: "The granting or denial of a new trial is a matter resting so largely in the discretion of a trial court that it will not be disturbed except upon a manifest and unmistakable abuse. It is especially so when such discretion is used in awarding a new trial which does not finally dispose of the matter. It has been said 'that it is only in rare instances and upon very strong grounds that the supreme court will set aside an order granting a new trial'." In *Condon* v. *Ansaldi*, 203 Cal. 180 [263 Pac. 198, 199], it was said: "As the order appealed from does not specify that it was granted upon

the ground of the insufficiency of the evidence to sustain the verdict, it will be presumed that it was not based upon that ground. (Sec. 657, Code Civ. Proc.) The only ground urged by respondent, therefore, which can be considered by this court in determining the validity of said order, is the alleged error of the trial court in giving certain instructions numbered 20, 21, 28, and 29, which were given the jury at the request of the appellant. We can see no real objection to instructions numbered 20 and 21. . . . We cannot say but that the plaintiff was prejudiced by the giving of this instruction, as well as that part of the instruction numbered 28˙ first quoted above. It evidently was the opinion of the trial judge that by the giving of these two instructions the rights of the plaintiff had been seriously prejudiced, and for that reason he granted plaintiff's motion for a new trial. In doing so we think he acted properly.''

■ We are required to presume that the trial court, before granting the motion for new trial, obeyed the mandate of the Constitution and examined the entire cause, including the evidence, and was of the opinion that errors of law committed during the trial resulted in a miscarriage of justice. Likewise, conforming to the mandate of the Constitution, we have examined the voluminous record before us in order to determine whether or not this assumption by the trial court finds any support in the record before us.

■ The appellants urge that there is a total failure in the evidence to prove, either, the ownership of the truck and trailer by McCutchen; or, that they were operated by his agent, servant or employee at the time of the accident; or, that the driver of the truck and trailer was operating them within the scope of his employment or upon the business of his employer at the time of the accident. Had the trial court resolved these questions in favor of appellants we could easily have concurred in such a conclusion as the evidence tending to their resolution in favor of respondent is at least meager and entirely circumstantial.

The record discloses that in August, 1929, P. H. McCutchen was the only person, firm or corporation transporting gasoline by truck and trailer for the Richfield Oil Company of California, from its refineries and storage stations in and near the city of Los Angeles to its distributing station in the city of San Bernardino. McCutchen's trucks were

painted a blue color somewhat similar to that used by the Richfield Oil Company in decorating its service stations. At about 11 o'clock on the morning of August 13, 1929, the date of the accident, Frank Chappell, who was at the time in the employ of McCutchen and acting within the scope of his employment, delivered at the distributing station of the Richfield Oil Company in San Bernardino, gasoline which he had transported there in a truck and trailer. There is some evidence indicating that these vehicles were painted blue. Chappell drove the truck from San Bernardino back to the place of business of McCutchen southeast of Los Angeles. If he had traveled at his accustomed speed and over the Valley Boulevard he would have reached the place of the accident at about the time it happened. By a process of eliminating it definitely appears from the evidence that no other truck and trailer belonging to McCutchen was anywhere near the place of the accident. It would also appear that no truck or trailer belonging to the Richfield Oil Company could have been involved in it. No person or corporation other than McCutchen was transporting gasoline for the Richfield Oil Company by truck and trailer into San Bernardino or elsewhere east of the city of Pomona, on August 13, 1929. The truck and trailer which Mrs. Hendee tried to pass were painted blue in color and the trailer had upon its rear the word "Richfield". This evidence, while far from conclusive and entirely circumstantial, is sufficient to support a finding that the McCutchen truck and trailer driven by Chappell were the ones which Mrs. Hendee tried to pass and which she testified crowded her off the road at the place of the accident. That the trial court was of the opinion that there was evidence in the record showing that the truck and trailer belonged to McCutchen and was being driven by Chappell in the course of his employment and upon his employer's business at the time of the accident must be implied from the order granting a new trial. We are of the opinion that this conclusion of the trial court finds some support in the record before us as we see no reason why these facts could not be proven by proper circumstantial evidence.

At the request of appellants the trial court gave the following instruction to the jury: "You are instructed that no person has the right to blindly surrender his or her own safety to another. The law requires all persons at all times

to exercise ordinary care for their own safety, and it was the duty of the plaintiff, Belle Stoneburner, at all times to exercise ordinary care for her own safety, and if she could have avoided the accident by the exercise of ordinary care and failed to do so, then she was guilty of negligence, and if her negligence contributed directly and proximately to the happening of the accident in any degree, no matter however slight, your verdict must be for the defendants McCutchen Transportation Co. and Frank Chappell and against Belle Stoneburner, the plaintiff.''

Contributory negligence is an affirmative defense and should be affirmatively pleaded and proved. Certain exceptions to this rule do not apply here. In the instant case, while the evidence would support a finding of the trial court, if made, that Mrs. Hendee was guilty of negligence, this negligence was not imputable to respondent who was simply a guest of the driver of the car. There is nothing in the record that would indicate contributory negligence on the part of Mrs. Stoneburner. The quoted instruction was therefore erroneously given as the question of respondent's contributory negligence was neither raised by the pleadings nor presented by the evidence.

From the fact of making the order granting the motion for a new trial, it would appear that the trial court was satisfied that there were errors of law occurring at the trial prejudicial to the respondent. The giving of the instruction which we have quoted constituted an error of law. As was said in the case of *Briggs* v. *Hall,* 20 Cal. App. 372 [129 Pac. 288, 289], '' 'The test of an instruction is not whether the instruction was erroneous but whether it was misleading.' (Hayne on New Trial and Appeal, sec. 122; *People* v. *Maughs,* 149 Cal. 253 [86 Pac. 187].) If instructions, correct as abstract propositions, may have misled the jury, a new trial may be granted. (*Hirschberg* v. *Strauss,* 64 Cal. 272 [28 Pac. 235]; *In re Calkins,* 112 Cal. 296 [44 Pac. 577].)'' An instruction if not applicable to the facts proved and the issues raised by the pleadings may easily mislead the jury.

It has been said that ''it is only in rare instances and upon very strong grounds that an appellate court will set aside an order granting a new trial''. (*Chambers* v. *Farnham,* 39 Cal. App. 17 [179 Pac. 423, 426].) ■ We can-

not conclude from the record before us that the trial court abused its discretion in granting respondent's motion and ordering a new trial as to appellants.

Order affirmed.

Barnard, P. J., and Marks, J., concurred.