[Civ. No. 10057. Second Appellate District, Division One.—March 24, 1936.]

W. B. LAUMANN et al., Respondents, v. NELLIE V. CONNER, as Special Administratrix, etc., Appellant.

W. B. LAUMANN et al., Respondents, v. NELLIE V. CONNER, Appellant.

James W. Bell for Appellant.

H. A. I. Wolch for Respondents.

DORAN, J.—The two above-entitled cases were consolidated for trial in the superior court and the appeal herein attacks the validity of an order granting a motion for a new trial, which order culminated the following series of events: At the conclusion of the testimony for the plaintiffs, defendant made a motion for a nonsuit on the grounds: First, that neither of the complaints constituted a cause of action; and, second, that the evidence was insufficient to support a judgment for the plaintiffs, which motion was granted on the first ground and denied as to the second.

Plaintiffs filed a notice of appeal from such order, also, a notice and request for a transcript. Thereafter, on April 23, 1934, judgment was entered and plaintiffs likewise appealed from said judgment. On May 11, 1934, and before any notice was made, served or filed of the entry of said judgment, plaintiffs served and filed their notice of intention to move for a new trial, which notice specified several statutory grounds: namely, the grounds allowed by subdivisions 1, 3, 6 and 7 of section 657 of the Code of Civil Procedure, and, in particular, the ground that the phonographic notes taken at the trial by the court reporter had been lost and were not available to complete the record on appeal under section 953a of the Code of Civil Procedure. An affidavit by counsel supported the last-mentioned ground.

The pertinent part of the order granting the motion for a new trial is as follows: "After oral argument the following order is made: It appearing that the phonographic reporter through inadvertence has lost a substantial portion of the notes of the testimony taken at the trial of these actions plaintiffs' motion for new trial is hereby granted in accordance with the provisions of section 953e of the Code of Civil Procedure."

Respondents rely upon the authority of *Moore* v. *Specialty Oil Tool Co.*, 128 Cal. App. 662 [18 Pac. (2d) 82], in support of the contention that the court had authority to grant the motion. This case declares that the court is vested with discretion in the matter of passing upon motions for new trial made pursuant to the provisions of section 953e of the Code of Civil Procedure, but does not by any means hold that this discretion extends beyond the limit of the provisions of the section.

It is also contended by respondents that an order granting a new trial will not be disturbed on appeal if such order can be upheld on any ground shown by the record, and it is urged in this connection that the notice of the motion for a new trial also specified errors of law occurring at the trial; that the trial court had erred in granting the motion for a nonsuit and had authority to correct the error by granting the motion for a new trial.

It should be noted at the outset, "that the right to move for a new trial is statutory and must be pursued in the method pointed out by the statute" (*Diamond* v. *Superior Court*, 189 Cal. 732 [210 Pac. 36]) ; and an order granting a new trial will not be disturbed on appeal if it can be upheld *upon any ground shown by the record.* (*Phillips* v. *Powell*, 210 Cal. 39 [290 Pac. 441].) As was stated in *Power* v. *Fairbanks*, 146 Cal. 611 [80 Pac. 1075] : "we must assume in favor of the action of the trial court that the motion for a new trial was based upon some one or more legal grounds upon which a sufficient showing was made to warrant the action of the trial court in regard thereto. *The record before us does not show the contrary.*" (Italics added.)

But the record in the instant case does, in fact, *"show the contrary".* It reveals definitely that the motion was granted for but one reason: namely, that the notes of the testimony taken at the trial had been lost, and that there-

fore, in accordance with the provisions of section 953e of the Code of Civil Procedure, the new trial was allowed. If, as was stated in *Diamond* v. *Superior Court, supra,* it was granted "solely on a 'ground not covered by the statute", the court was acting beyond its jurisdiction.

In the light of the foregoing, the meaning of the phrase "because of the death or other disability" in section 953e of the Code of Civil Procedure, is determinative of the decisive question presented herein. As to that question there appears to be little, if any, doubt that the word "disability" cannot, by the application of any rule of construction or interpretation, be held to include mere inability. In the sentence under consideration the words "death" and "disability" are both objects of the same preposition and to this extent, at least, they are akin. Obviously the word "disability" refers to the shorthand reporter and must be held to mean a disability, short of death, but of a physical or mental character suffered by the reporter, as a result of which he is unable to prepare the transcript. Manifestly the loss of shorthand notes does not come within the meaning of such definition, and therefore, inasmuch as the motion was granted "solely on a ground not covered by the statute", the court was acting beyond its jurisdiction in granting the motion for a new trial.

The order appealed from is reversed.

Houser, P. J., and York, J., concurred.