[Civ. No. 12814.   Second Dist., Div. Two.   Feb. 18, 1942.]

MARY BARR, Respondent, v. JEANNETTE MOUNTJOY et al., Appellants.

Thomas F. McCue for Appellants.

Paul Palmer for Respondent.

STEPHENS (J. E.), J. pro tem.—Action for damages resulting from a collision between an automobile driven by defendant Jeannette Mountjoy and plaintiff, a pedestrian. Defendant Holton C. Mountjoy is the husband of Jeannette Mountjoy, and the complaint alleges "that in operating said automobile as aforesaid said Jeannette Mountjoy was acting as the agent of and for and on behalf of the other defendants named herein." The only defendant served or appearing herein other than the driver is the husband. The trial was before the court without a jury and resulted in judgment for defendants.

Plaintiff made a motion for new trial upon all the statutory grounds and filed an affidavit setting forth the testimony which would have been given by an absent witness, alleging that plaintiff had relied upon his testimony, reciting the circumstances of his failure to be present and claiming "accident and surprise which ordinary prudence could not have guarded against." The testimony of this witness concerned the accident itself and had no bearing upon the alleged agency or other facts connecting the defendant husband with liability. No answering affidavit was filed. After argument the court granted the motion for new trial, and appeal is taken by both defendants from this order.

There is no reporter's transcript of the proceedings before us, but only the clerk's transcript which includes therein an engrossed bill of exceptions. From the record it appears that the accident occurred on September 11, 1939, at about 6:35 p. m., at the intersection of Hollywood and Cahuenga Boulevards in the city of Los Angeles. The traffic signal system was in operation at the time, and upon the "Go" signals appearing plaintiff started to walk southerly in the marked pedestrian lane across Hollywood Boulevard on the west side of Cahuenga. Defendant Jeannette Mountjoy at the same time, and in compliance with the "Go" signal, drove northerly on Cahuenga Boulevard into the intersection and made a left turn into the pedestrian lane, after hesitating in the intersection to allow a southbound automobile to pass in front of her. In the pedestrian lane the front bumper or fender of her car struck plaintiff, causing the injuries complained of.

In its findings of fact the court found that neither plaintiff nor defendant driver was guilty of negligence, and that the collision was an unavoidable accident. The findings also state that defendant Jeannette Mountjoy "was driving her own separately owned automobile upon her own personal business," and declare that the allegation in the complaint heretofore referred to concerning agency is untrue.

At the conclusion of the hearing on motion for new trial the trial judge announced that "he had come to the conclusion that the decision was against law, in that he had made an error in law in failing to bear in mind that the conduct of defendant driver in entering the pedestrian zone while plaintiff was there located, and regardless of whether or not defendant driver saw plaintiff, constituted negligence *per se* on the part of defendant driver." Thereupon the court caused a

minute order to be entered granting the motion for new trial "upon the grounds stated in the notice of intention to move for new trial filed herein."

As the order did not specify that it was granted upon the ground of insufficiency of the evidence to sustain the decision this ground must of course be eliminated. (Code Civ. Proc., sec. 657.) If the order can be justified upon any of the other grounds stated in the notice of motion it must be sustained. While the reasons given by the court for its action are immaterial (*Power* v. *Fairbanks,* 146 Cal. 611, 615 [80 Pac. 1075]), the statement does indicate that the court failed to consider an element that is vital to the decision, and this amounts to error in law.

Section 560 of the California Vehicle Code requires the driver of an automobile to yield the right of way to the pedestrian using the crosswalk, and defendant driver's failure to do so constituted negligence *per se.* (*Nicholas* v. *Leslie,* 7 Cal. App. (2d) 590, 594 [46 Pac. (2d) 761] ; *Coursault* v. *Schwebel,* 118 Cal. App. 259, 264 [5 Pac. (2d) 77].) Whether this, considered with all the other circumstances present in the case, required a holding against plaintiff was of course for the trial court to determine. Clearly, however, it was an element to be considered by the court, and its failure to do so constituted error in law justifying the order granting a new trial.

It is to be noted also that the affidavit based upon accident and surprise was before the court ; and while it might not appear to this court that the affidavit shows proper diligence on the part of plaintiff to obtain the presence of a witness or to seek a continuance when he did not appear, this was addressed primarily to the discretion of the trial court, and action thereon will not be disturbed except where abuse of discretion is shown.

Appellants contend that in any event the granting of a new trial as to the husband is not justified in view of the court's findings. Respondent replies that the court having at that time taken the view that the wife, who was driving, was not liable, the question of whether the husband would share her liability, if she had been liable, became moot. Respondent also claims there is testimony indicating that the car was purchased with community funds and was a community asset; and also that the wife was on an errand for the benefit of the husband at the time of the accident. No further discussion appears in the briefs concerning the several grounds upon

which the order granting a new trial was based, and there is nothing in the record before us upon which it can be determined whether or not said order, so far as the husband was concerned, was justified upon any one or more of these grounds.

All presumptions are in favor of an order granting a new trial, and the burden is upon the appellant to make it affirmatively appear by a proper record that the order complained of is erroneous. (*Stoneburner* v. *Richfield Oil Co.*, 118 Cal. App. 449 [5 Pac. (2d) 436].) In *Laumann* v. *Conner*, 12 Cal. App. (2d) 631 [55 Pac. (2d) 1225], quoting from *Power* v. *Fairbanks, supra,* it was said: "We must assume in favor of the action of the trial court that the motion for a new trial was based upon some one or more legal grounds upon which a sufficient showing was made to warrant the action of the trial court in regard thereto. The record before us does not show the contrary." See, also, *Petroff* v. *Nunes,* 136 Cal. App. 416 [29 Pac. (2d) 293], and *Phillips* v. *Powell,* 210 Cal. 39 [290 Pac. 441].)

The order granting the motion for new trial is affirmed.

Moore, P. J., concurred.

WOOD (W. J.), Concurring. — I concur in the judgment. The appellants have not shown by a proper record that the order from which the appeal is prosecuted was erroneous. The bill of exceptions repeats the findings and judgment and sets forth the notice of intention to move for a new trial and an affidavit (which in my opinion is wholly insufficient) in support of the motion for a new trial. The bill of exceptions also contains the "memorandum for decision" in which the trial judge states that the accident was "unavoidable," and the statement made by the judge upon granting the new trial. The bill of exceptions is barren of any reference to the evidence or to the rulings made by the court during the course of the trial. For aught that appears in the record the order may have been granted because of errors occurring during the course of the trial. The record being in this condition, no course is open to us other than to affirm the order.