[L. A. No. 19598.   In Bank.   June 18, 1946.]

MABEL BALLARD, Appellant, v. PACIFIC GREYHOUND
LINES (a Corporation), Respondent.

Wm. J. McNichols and Josiah Coombs for Appellant.

Bryce P. Gibbs, Kenneth K. Scott, Cooley, Crowley & Supple and Cooley, Crowley, Gaither & Dana for Respondent.

SHENK, J.—The plaintiff had a jury's verdict of $10,000 in an action for personal injuries claimed to have been suffered when a Pacific Greyhound bus on which she was a paid passenger overturned after striking an automobile parked on the road. The trial court granted the defendant's motion for a new trial. The order specified that it was granted on the ground of the insufficiency of the evidence to justify the verdict. The plaintiff appealed.

The bus was being operated by the defendant's employee Hobert on Highway 101 between San Francisco and San Luis Obispo. Hobert had been employed as driver by the defendant for about nine months prior to the accident and was familiar with the route. According to his testimony on behalf of the defendant, Hobert was driving the bus south from Salinas on the morning of January 3, 1943, in fair weather. At 6:30, about an hour out of Salinas, the bus was rolling at a speed of 35 miles per hour with the lights on. As it rounded a long right curve with a slight up-grade, Hobert observed 100 feet ahead a car without lights parked at an angle on the right side of the road with the left wheels on the pavement and the left rear wheel jutting into "the middle of the roadway." The paved portion of the highway consisted of two lanes, each ten feet wide. There was no other traffic ahead or behind the bus. Because of the angle of the lights of the bus at the curve Hobert did not see the parked car until he "was too close"; he "cut to miss it, but not enough, and . . . clipped the corner of the car, knocking it off the highway." He did not attempt to use the brakes until after the collision, when he realized that both the steering gear and the air line to the brakes had been broken. The bus went out of control, climbed the embankment on the right and overturned.

■ This court has recently reiterated the settled rule that the granting of a motion for a new trial rests within the discretion of the trial judge to such an extent that an appellate court will not interfere unless an abuse of discretion clearly appears. ■ All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited.) ■ The trial court in considering a motion for new trial is not bound by a conflict in the evi-

dence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party. (*Estate of Green,* 25 Cal.2d 535, 542 [154 P.2d 692]; *Hames* v. *Rust,* 14 Cal.2d 119, 124 [92 P.2d 1010].) The only conflict may be the opposing inferences deducible from uncontradicted probative facts. In such case the trial court may draw inferences opposed to those accepted by the jury, and may thus resolve the conflicting inferences in favor of the moving party, for "It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court." (*Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689]; *Malloway* v. *Hughes,* 125 Cal.App. 573, 580 [13 P.2d 1062].)

The plaintiff contends that the evidence shows as a matter of law that the defendant's driver was negligent; therefore that the court abused its discretion in granting a new trial. The contention assumes that the negligence of the driver was the only question before the trial court on the motion. The defendant had made the motion on all of the statutory grounds.

The plaintiff is a woman 59 years of age whose normal weight is 225 pounds. She was asleep at the time of the accident. The impact forced her head through a window and a piece of glass pierced her right ear lobe. The glass was removed when medical aid was rendered at San Luis Obispo. Later in Los Angeles stitches were used on the lacerated ear lobe and X-ray photographs were taken which revealed no dislocations or other bony pathology. The evidence is that the plaintiff sustained some concussion, bleeding at the nose for a period following the accident, pain and impairment to the hearing in the right ear, pain down the spine, across the shoulders, down the back, across the hips and down the right thigh. There had been strain in the ligaments of one ankle. The plaintiff complained of continuous pain, and of dizzy spells during which she would "just go over," the last one having been about a week or two prior to the trial when she was in the house alone; that such spells had occurred frequently while she was alone in the house, when, afraid of falling, she would proceed to the bathroom on hands and knees. Other than the lacerated ear lobe, ligamentous and muscle sprains to the spine and ankle, the plaintiff's injuries were entirely subjective. The degree of impairment of hearing

and of any permanency in the disabilities disclosed was in conflict. It also appeared that the plaintiff while in her home had sustained burns in January, 1941, and since that time had not returned to her previous employment as janitress in a bank.

After the accident the plaintiff made frequent trips to doctors. At first the trips were daily, and then two or three times a week for a period of six months. She had been examined and treated by other doctors and specialists in addition to her attending physician, Dr. Robert S. Ward. The plaintiff was discharged by him on June 23, 1943. Thereafter she continued to consult and take treatments from others, and made three additional visits to Dr. Ward. In April, 1943, prior to discharging her, Dr. Ward sent her to a Dr. Gerty, a physician and surgeon, who practiced psychiatry at Pasadena. Although the plaintiff submitted to examination by Dr. Alvin Gerty, she maintained at the trial that she went to him "by mistake," under the belief that she was being sent to a specialist who was to examine the bones in her head.

Dr. Alvin Gerty was called as a witness by the defendant. After giving qualifying evidence, he testified that at Dr. Ward's request he examined the plaintiff pursuant to an appointment made by her and that he gave her information and advice. The plaintiff invoked section 1881 of the Code of Civil Procedure providing that a licensed physician "can not, without the consent of his patient, be examined in a civil action, as to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient. . . ." The defendant sought application of the proviso of the section which reads, "that where any person brings an action to recover damages for personal injuries, such action shall be deemed to constitute a consent by the person bringing such action that any physician who has prescribed for or treated said person and whose testimony is material in said action shall testify. . . ." On the plaintiff's refusal to give her consent to the further examination of the witness, the latter was excused by the court from testifying concerning his examination of the plaintiff and the advice given to her.

The parties do not contend that the ruling was not error. (*Phillips* v. *Powell*, 210 Cal. 39, 42 [290 P. 441].) A supplemental transcript was filed by the plaintiff containing a portion only of the proceedings on the motion for new trial. It

shows that at the time of granting the motion the trial court conceded error in its ruling excluding the testimony of Dr. Gerty. The entire record on the hearing of the motion is not before us. It includes only the remarks of the court and counsel concerning the error committed in excluding Dr. Gerty's testimony. The remarks of the court at the time of granting the motion, as shown by the portion of the record submitted, may be pertinent to discern the respects in which the court deemed the verdict unjustified or unsupported. (*Krebs* v. *Los Angeles Ry. Corp.,* 7 Cal.2d 549 [61 P.2d 931].)

It was the province of the trial court on the motion to weigh the conflicting evidence and inferences on all the issues, including the question of the extent of the plaintiff's injuries, and to judge the credibility of the witnesses. The ground of insufficiency of the evidence to justify the verdict extends to the quantum of the injuries as well as to the issues relating to the defendant's liability. (See *Phillips* v. *Powell, supra,* 210 Cal. 39, 42.) It is necessarily inclusive, and the specification by the court of the ground of insufficiency indicates an examination into the evidence on all of the factual issues.

It has long been the settled rule in this state that the statement of the ground of the order granting a new trial does not preclude the reviewing court from considering the entire record on the appeal from the order. The review is not restricted to a consideration of the ground mentioned in the order. In fact it is the duty of the court on appeal to consider the entire record upon which the order was based to discover whether there is any error which would have justified the trial court in making the order, and if so the order will be sustained although the grounds urged on the motion (with the exception of the ground of insufficiency of the evidence) were not specified in the order. (*Cahill* v. *E. B. & A. L. Stone Co.,* 167 Cal. 126, 129 [138 P. 712]; *Weisser* v. *Southern Pacific Ry. Co.,* 148 Cal. 426, 428 [83 P. 439, 7 Ann.Cas. 639]; *Kauffman* v. *Maier,* 94 Cal. 269 [29 P. 481, 18 L.R.A. 124]; *Scott* v. *Renz,* 67 Cal.App.2d 428, 432 [154 P.2d 738].) Since 1919 the reviewing court may not consider the ground of insufficiency of the evidence to justify the verdict unless it is stated in the order. (Code Civ. Proc., § 657.) And where that ground is specified in the order there is no doubt that the reviewing court may conclude that the trial court was justified in granting the motion on the ground that the verdict was

excessive, if the record warrants that conclusion. (*Phillips* v. *Powell, supra,* 210 Cal. 39, 42.)

Disregarding for the moment the state of the record on the issue of the defendant's negligence, it becomes apparent from the evidence on the issue of plaintiff's injuries that the trial court felt that the excluded testimony of Dr. Gerty might have affected the jury's determination as to the extent of the injuries and the amount of damages. The prejudicial effect of the error is material in arriving at the determination of the question whether the court abused its discretion in granting a new trial. The court might have concluded that the error resulted adversely to the moving party on the issue of the extent of the plaintiff's injuries. In this connection it is not necessary that the amount of the verdict appear so grossly disproportionate to any reasonable view of the evidence as to raise a presumption that it was based upon passion or prejudice. The intendments are the same to the end that the order will not be disturbed if the question of its propriety be open to debate. (*Koyer* v. *McComber,* 12 Cal.2d 175, 182 [82 P.2d 941].)

Furthermore, it may not be said that the evidence of the physical facts on the issue of negligence was not subject to opposing inferences. As stated in *Mercantile Trust Co.* v. *Sunset etc., Co.,* 176 Cal. 451, at page 456 [168 P. 1033] : "It is not within the province of this court on appeal to say which of two opposing inferences, both within the bounds of reason, should have been taken by the trial court. Conflicting inferences, if reasonable, stand upon the same plane as conflicting evidence. . . . In considering the evidence upon such motion that court has power to draw inferences from the evidence opposed to those which were drawn by it upon the trial [here by the jury], provided they are not unreasonable." The record before us does not require a holding that the issue of negligence was one of law alone. (See *Casey* v. *Gritsch,* 1 Cal. App.2d 206 [36 P.2d 696].) In any event it does not appear that any conflict on that issue was the sole reason for the granting of the motion for new trial. There was therefore no abuse of discretion in granting the motion.

The order is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.