[Civ. No. 20482.   Second Dist., Div. Two.   Feb. 4, 1955.]

MARIE ARTHUR, Respondent, v. CITY OF LOS ANGELES, Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Edwin F. Shinn and Weldon L. Weber, Deputy City Attorneys, for Appellant.

Marie Arthur, in pro. per., for Respondent.

FOX, J.—The sole issue on this appeal is whether the trial court abused its discretion in granting plaintiff's motion for a new trial after verdict and judgment thereon for the city.   The motion was "granted upon the ground of insufficiency of the evidence to justify the verdict and judgment." It is the city's position that "there is no evidence from which any inference may be drawn that there was any negligence in the operation of the police car" involved in this accident. The record does not sustain the city's position.

Plaintiff, while a passenger on a westbound Transit Lines bus, occupied the first space near the front door on a seat running lengthwise.   She was on the right or north side

of the bus facing south. Because of a sudden stop, plaintiff struck the right side of her forehead against a metal post adjacent to her seat and received injuries for which she seeks damages from the city. She executed and delivered to the Transit Lines a covenant not to sue, for which she received $810.

The accident occurred at approximately 7 p. m. on December 12, 1950. The bus in which plaintiff was riding was traveling west on Melrose Avenue in Los Angeles. It stopped at the intersection of Madison Avenue and Melrose to load and unload passengers. When the bus started up it proceeded westward on Melrose in the lane of traffic "nearest the curb." When the bus was some 50 to 100 feet beyond Madison Avenue, witness Meyer, who was seated alongside the plaintiff, facing south, observed an automobile "cut quite sharply in front of the bus; that is, moving from left to right . . . Towards the north curb." The collision took place an instant later "in the lane closest to the north curb," which was "the lane the bus had been proceeding along from the very beginning." The witness left the bus in a moment or two and saw the car in front of the bus. That this was the car that cut in front of the bus is made clear from the following questions and answers on cross-examination:

"Q. Did you see the car which you saw cut in front of the bus at any time prior to the time the bus driver applied the brakes on the bus? A. Yes.

"Q. Where was the car when you had seen it prior to the time the bus driver applied the brakes? A. It was in the process of passing the bus on its left lane and cutting in front of the bus towards the north curb; that is, toward the lane on the inside, near the north curb . . .

"Q. Did you see any other automobile besides the one that was stopped in front of the bus that you saw after the collision? A. No.

"Q. The only automobile you saw, to your best recollection, now, was the bus in which you were riding as a passenger and the automobile which was stopped in front of the bus after the collision; is that correct? A. Yes."

On redirect the following transpired:

"Q. Mr. Meyer, did you look at any time after the bus started out from this stop out the window directly across from you, that is, in the direction you were facing? A. Yes.

"Q. Did you observe at any time between the time the bus started on and the time of the collision any cars coming from

a general southerly direction onto Melrose Avenue? A. I did not.

"Q. That is, coming from the south and heading north? A. I couldn't say that I noticed any. I did not."

The plaintiff, after testifying that she was "sitting up near the front of the bus on the right side directly behind the door . . . facing the opposite side of the bus," stated that after the bus crossed Madison Avenue and proceeded on westward on Melrose she observed a car which "seemed . . . to come from the rear of the bus." It seemed to her "to be dangerously close to the bus." That is what caused her "attention to focus on it." She could see the top of the car through the window on the left side of the bus. She watched the car because "it seemed to be getting closer to the bus, and . . . that it was much too close—about a foot away." She observed the car until the front of its top was up where the bus driver was sitting—opposite him. The car then disappeared from her view. The collision happened "almost immediately" after she last saw the automobile. "The impact and the application of the brakes seemed to be almost simultaneous." The stop was sudden, throwing her forward against a metal upright post and causing her injury. When plaintiff got out of the bus the passenger car was "directly in front of" and "very close" to the bus. While it appeared there had been contact between the two vehicles, they were not then touching.

The passenger car was owned by the city of Los Angeles and was occupied by two police officers in civilian clothes, one of whom was driving. It was equipped with a stoplight of the type approved by the California Highway Patrol. The officers were not on any emergency duty. The city is liable, however, for any damage caused by the negligent operation of one of its motor vehicles by an officer, agent or employee—when acting within the scope of his office, agency or employment. (Veh. Code, § 400.) This section is the basis for the asserted liability of the city in this case.

It is unnecessary, of course, to recite defendant's version of this collision since the action of the trial court in granting plaintiff's motion for a new trial must be sustained if there is any evidence from which a reasonable inference may be drawn that the police officers were negligent in the operation of the city's automobile, and that such negligence was a proximate cause of plaintiff's injury. (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 358 [170 P.2d 465].)

We must accept as true the foregoing testimony for. the purpose of testing the correctness of the court's ruling. It thus appears that as the city's vehicle passed the center of the bus it was dangerously close and seemed to get nearer as it reached the front of the bus; that it cut quite sharply in front of the bus moving toward the north curb; that the collision took place an instant later in the traffic lane nearest the curb in which the bus had been traveling since it stopped to load and unload passengers at the intersection of Madison and Melrose Avenues; and that no other motor vehicles were seen in the immediate vicinity by these witnesses. From this evidence the trier of the facts could reasonably draw an inference that the driver of the city's automobile negligently cut in front of the bus and that such negligence was a proximate cause of the accident and plaintiff's injuries. It was not, therefore, an abuse of the trial court's discretion to grant plaintiff's motion for a new trial. (*Ballard* v. *Pacific Greyhound Lines, supra.*)

The order is affirmed.

Moore, P. J., and McComb, J., concurred.