[Civ. No. 6769. Fourth Dist. Aug. 16, 1962.]

LORA WEINMAN, Plaintiff and Respondent, v. BLANCHE M. GRAY et al., Defendants and Appellants.

Gray, Cary, Ames & Frye and F. P. Crowell for Defendants and Appellants.

Reed & Brockway and Norman G. Carlin for Plaintiff and Respondent.

CONLEY, J.*—Two women drivers collided in an intersection regulated by traffic lights. Each maintained that she was without fault and that the other woman was wholly to blame. The jury believed that each of them was negligent and brought in a verdict for defendant on the complaint and for the cross-defendant on the cross-complaint, thus impliedly determining that contributory negligence barred recovery by either. The trial judge believed that the evidence did not justify the verdict and granted plaintiff's motion for a new trial.

The collision occurred on February 25, 1959, at approximately 1:40 p.m. at the intersection of Magnolia and Main Street in the city of El Cajon. The intersection was heavily traveled, and traffic on the two streets was controlled by standard red, yellow and green traffic lights. Mrs. Gray, the defendant and appellant, was southbound on Magnolia, while

---

*Assigned by Chairman of Judicial Council.

Mrs. Weinman, plaintiff and respondent, had stopped a few feet back from the limit line, headed in an easterly direction on Main Street in the lane nearest the curb, waiting for the traffic light to turn green. When the light did turn green, Mrs. Weinman started forward, and Mrs. Gray's car then struck the side of the Weinman automobile in the intersection.

There was testimony that neither Mrs. Weinman, nor her husband who was riding with her in the car, nor Mrs. Gray saw the other car until immediately before the collision.

Magnolia is 50 feet wide and Main Street is 76 feet wide at the place where the accident happened. The point of impact was 16 feet north of the south curbline of Main Street and 16 feet east of the west curbline of Magnolia. The Weinman car, a 1956 Ford four-door automobile, was damaged at its left rear door and fender, and the damage to Mrs. Gray's 1954 Chevrolet two-door automobile was at its front. No skidmarks were left by either car.

It was Mrs. Gray's contention that she entered the intersection while the light was green and stopped for a left-turning vehicle ahead of her; she testified that when the way was clear she proceeded forward and then came in contact with the Weinman vehicle. Mrs. Gray testified that as she moved southward on Magnolia the green light gave her permission to go forward: "There was a car ahead of me; possibly two. And I started through. And the car ahead of me was trying to make a left-turn and I had to wait. I stopped the car until he got through. When he got through I proceeded on my way and I got partly into the outside lane where the accident occurred."

Mr. and Mrs. Weinman testified that when the light turned green, permitting them to proceed, they glanced to their left, saw no vehicles, and continued until the accident occurred.

In the appellants' brief only one question is posed on the appeal: "The question before the District Court of Appeal is whether the trial court erred in granting Respondent's motion for a new trial."

There is nothing we can do upon the present record except to affirm the order of the trial court. ▪▪▪ The judge who tried the case stated clearly that he believed that the evidence did not justify the verdict; it was therefore not only his right but his duty to grant a new trial. ▪▪ We cannot weigh the evidence or pass upon the credibility of the witnesses; that is the function of the trial judge. If plaintiff's witnesses were believed, and the conflicting evidence on behalf of

defendants disbelieved, a judgment could not have been properly rendered for the defendants on the issues made by the complaint and answer thereto. The principles controlling an appeal from an order granting a new trial are perfectly clear and have been repeated time out of mind by the appellate courts of this state. ■ In *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 358 [170 P.2d 465], it is said:

"This court has recently reiterated the settled rule that the granting of a motion for a new trial rests within the discretion of the trial judge to such an extent that an appellate court will not interfere unless an abuse of discretion clearly appears. ■ All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground. (*Mazzotta* v. *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338], and cases cited.) ■ The trial court in considering a motion for new trial is not bound by a conflict in the evidence, and has not abused its discretion when there is any evidence which would support a judgment in favor of the moving party. (*Estate of Green*, 25 Cal.2d 535, 542 [154 P.2d 692]; *Hames* v. *Rust*, 14 Cal.2d 119, 124 [92 P.2d 1010].) The only conflict may be the opposing inferences deducible from uncontradicted probative facts. In such case the trial court may draw inferences opposed to those accepted by the jury, and may thus resolve the conflicting inferences in favor of the moving party, for 'It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse the order of the trial court.' (*Brooks* v. *Metropolitan Life Ins. Co.*, 27 Cal.2d 305, 307 [163 P.2d 689]; *Malloway* v. *Hughes*, 125 Cal.App. 573, 580 [13 P.2d 1062].)"

The foregoing rules are emphasized in a recent opinion by Mr. Justice White (*Yarrow* v. *State of California*, 53 Cal.2d 427, 434 [2 Cal.Rptr. 137, 348 P.2d 687]), where it is said: "The rules on appeal from an order granting a new trial are well settled. All presumptions favor the order as against the verdict and the order will be affirmed if it may be sustained on any ground, although the reviewing court might have ruled differently in the first instance. (*Shaw* v. *Pacific Greyhound Lines*, 50 Cal.2d 153, 159 [323 P.2d 391]; *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 358-359 [170 P.2d 465].) ....

"In considering the sufficiency of the evidence on the hearing of a motion for new trial it is the exclusive province of the trial court to judge the credibility of the witnesses, to determine the probative force of testimony and to weigh the

evidence, and it may draw reasonable inferences therefrom opposed to those drawn by the trier of fact at the trial. (*Brooks* v. *Metropolitan Life Ins. Co.,* 27 Cal.2d 305, 307 [163 P.2d 689]; *Green* v. *Soule,* 145 Cal. 96, 102-103 [78 P. 337]; *Dasso* v. *Bradbury,* 39 Cal.App.2d 712, 717-718 [104 P.2d 128].) It is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse an order granting a new trial on this ground. (*Richardson* v. *Ham,* 44 Cal.2d 772, 775 [285 P.2d 269]; *Williams* v. *Field Transp. Co.,* 28 Cal.2d 696, 698 [171 P.2d 772]; *Birch* v. *Mahaney,* 137 Cal. App.2d 584, 585-586 [290 P.2d 579]; 3 Witkin, California Procedure, 2062.) Error is not presumed and the burden is upon the plaintiffs herein to show affirmatively its presence in the record (*Power* v. *Fairbanks,* 146 Cal. 611, 614 [80 P. 1075]; *Scott* v. *Renz,* 67 Cal.App.2d 428, 431 [154 P.2d 738]) or a manifest and unmistakable abuse of discretion. (*Shaw* v. *Pacific Greyhound Lines, supra,* 50 Cal.2d 153, 159; *Crane* v. *Middleton,* 123 Cal.App.2d 517, 522 [267 P.2d 32]; *Brinkerhoff* v. *Ferguson,* 107 Cal.App.2d 175, 176 [236 P.2d 588]; *Perry* v. *Fowler,* 102 Cal.App.2d 808, 812 [229 P.2d 46].)'' (See also *McFarland* v. *Voorheis-Trindle Co.,* 52 Cal.2d 698, 707 [343 P.2d 923]; *Abrams* v. *American Fid. & Cas. Co.,* 69 Cal.App.2d 426, 431 [159 P.2d 62]; *Parks* v. *Dexter,* 100 Cal.App.2d 521, 522 [224 P.2d 121]; *Estate of Phillipi,* 76 Cal.App.2d 100, 103 [172 P.2d 377]; *Sassano* v. *Roullard,* 27 Cal.App.2d 372 [81 P.2d 213]; *Roberts* v. *Southern Pac. Co.,* 54 Cal.App. 315, 318, 319 [201 P. 958].)

Appellant attaches some importance to a remark made by the trial judge during the proceedings on motion for a new trial to the effect that the question of damages might have been considered by the jury in arriving at its verdict as to liability. ■■■ The jury, of course, owed a duty to consider the matter of liability before discussing damages. However, this speculative question was raised by the judge in passing, and it was not the basis of the court's ruling, as it is made clear in the order granting the new trial that the court ''felt that the probative evidence clearly weighed in favor of the plaintiff.''

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.