[Civ. No. 20589. Second Dist., Div. Two. Feb. 14, 1955.]

WINNIE WAFFORD QUINN et al., Respondents, v. OIL FIELDS TRUCKING COMPANY (a Corporation) et al., Appellants.

[Civ. No. 20590. Second Dist., Div. Two. Feb. 14, 1955.]

BERTHA ACERO et al., Respondents, v. OIL FIELDS TRUCKING COMPANY (a Corporation) et al., Appellants.

John R. Allport for Appellants.

Arnerich, del Valle & Sinatra, Vincent G. Arnerich, August J. O'Connor and George J. Hider for Respondents.

McCOMB, J.—On January 8, 1953, two complaints were filed in the superior court of Los Angeles County. Action No. 608,112, was brought by the heirs of Gladys Irene Quinn, deceased, for wrongful death, by John Stanley Quinn, a minor, by his guardian *ad litem,* Winnie Wafford Quinn, for personal injuries, and by Winnie Wafford Quinn for property damage. The complaint in action No. 608,113, was brought by the heirs of Maria Olmeda, deceased, for wrongful death. Thereafter the cases were consolidated for trial and a verdict returned in favor of defendants in each case. ·

On May 21, 1954, orders were made granting new trials in the two actions on all the issues upon the grounds of the insufficiency of the evidence. Defendants have appealed from the orders granting the motions for new trials. By stipulation of the respective parties the appeals are submitted in this court on one set of briefs.

Question: *Was there substantial evidence to support the trial court's finding of the insufficiency of the evidence to sustain the jury's verdicts?*

*Yes.* These rules are here pertinent:

■ (1) The granting of a motion for a new trial rests so completely within the discretion of the trial judge that an appellate court will not interfere with his action unless a manifest and unmistakable abuse of discretion clearly appears. (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 358 [1] [170 P.2d 465].)

■ (2) On appeal from an order granting a new trial all presumptions are in favor of the order and it will be affirmed if sustained on any ground. (*Ballard* v. *Pacific Greyhound Lines, supra,* 358 [2].)

■ (3) A trial court in considering a motion for a new trial is not bound by a conflict in the evidence and does not abuse its discretion in granting a new trial where there is any evidence which would support the moving parties' contention. (*Ballard* v. *Pacific Greyhound Lines, supra,* 358 [3].)

■ (4) Even where the evidence is not conflicting and all the presumptions seem to be in favor of one or the other of the parties litigant, the question of the probative force or the evidentiary value of the testimony is nevertheless within the determination of the trial court in a proceeding on a motion for a new trial. (*Malloway* v. *Hughes,* 125 Cal. App. 573, 580 [2] [13 P.2d 1062], hearing denied by the Supreme Court.)

■ (5) It is the duty of the trial judge to set aside a verdict in the exercise of sound discretion if he is of the

opinion that the verdict is contrary to the weight of the evidence. (*Petroff* v. *Nunes*, 136 Cal.App. 416, 419 [2] [29 P.2d 293].)

Viewing the evidence in the light of the foregoing rules, the record discloses that defendant Gomez came to work for his employer, defendant Oil Fields Trucking Company, at 9 a. m. on October 10, 1952. He testified that he had tested the equipment of his 55-foot truck and trailer which weighed 28,500 pounds, and found everything in good condition. He left San Pedro at 12 noon, going north on Hawthorne Boulevard. He stopped for about 15 minutes for lunch, and then again proceeded northerly on said Hawthorne Boulevard. He was familiar with the intersection of Hawthorne and Sepulveda, and the surrounding area was open country. He drove to the east of the center line of Hawthorne Boulevard and as he reached a point approximately 200 feet south of its intersection with Sepulveda Boulevard, he looked to his left and saw nothing, looked to his right and saw nothing, in fact, he saw no traffic going east or west on Sepulveda Boulevard across his path, and there was no traffic coming south towards him from the opposite direction.

After this one "look" he did not look again until suddenly he saw the right side of the Chevrolet which was being driven by Gladys Irene Quinn in front of him. He estimated its speed to be about 40 to 45 miles per hour. He applied his foot brake at the point of collision but did not apply the emergency hand brake. His truck hit the Chevrolet broadside, pushing it 63 feet beyond the point of impact into a sand pile.

The evidence further disclosed that the front brakes on the truck were not adjusted because they were full of grease and that it was safer not to adjust them, and that the speedometer on the truck was not working on the day of the accident.

From the foregoing evidence it is apparent that defendant Gomez, the driver of the truck, testified that he was familiar with the intersection of Hawthorne and Sepulveda and knew the surrounding area was open country; that as far as 500 feet south of the intersection he could see, had he looked, if there was any traffic going east or west on Sepulveda, but that at a point 200 feet south of Sepulveda he looked to his right and to his left and saw nothing, and at the same time he saw no cars approaching the intersection, and that he *never looked again* until he found himself suddenly in the

intersection with the Chevrolet right in front of him which meant that the Chevrolet had almost crossed the entire intersection when the truck hit it broadside pushing it a distance of 63 feet.

From the evidence it is apparent that the trial judge was of the opinion that if defendant Gomez had been looking he would have seen the Chevrolet negotiating the intersection and could have easily avoided the accident, particularly if he had been driving only 25 miles per hour which would have afforded him ample time to apply his brakes. This he said he did not do until the moment of impact. The trial judge therefore, sitting as a thirteenth juror, properly weighed the evidence and considered the conduct of defendant Gomez as being negligent in that he failed to look and to continue looking when approaching a dangerous intersection, or if he had looked he did not see an object which should have been plainly visible to him. Further the trial judge could have concluded from the factual evidence that defendant Gomez's testimony that he was traveling only 25 miles per hour was inconsistent with the physical facts, and that he must have been traveling at an excessive speed because the broadside impact with the Chevrolet was so great that the front end of the truck superimposed itself on the frame of the Chevrolet and pushed it sidewise for 63 feet and was thereafter stopped only by a sand pile, the force being so great as to catapult two of the occupants of the Chevrolet from the front seat out of the left side of the car.

Clearly we cannot say that there was an abuse of discretion of the trial court in granting the motion for a new trial.

*Henderson* v. *Braden*, 35 Cal.App.2d 88 [94 P.2d 625], relied on by defendants, is not here in point for the reason that in such case it was held that the evidence was insufficient to support a verdict in favor of the party making the motion for a new trial, and the plaintiff in such case was guilty of contributory negligence as a matter of law. This situation does not obtain in the instant case.

Taking the view of the evidence which the trial judge undoubtedly took, it cannot be said that the driver of the Chevrolet was guilty of contributory negligence as a matter of law.

Affirmed.

Moore, P. J., and Fox, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 13, 1955.