[Civ. No. 5219.   Fourth Dist.   Dec. 14, 1955.]

JOSEPHINE I. MOWREY, Respondent, v. MARINA
CORPORATION (a Corporation), Appellant.

Hurwitz & Hurwitz and Robert R. Hurwitz for Appellant.

Otto K. Paulus for Respondent.

GRIFFIN, J.—Josephine I. Mowrey, a waitress for defendant and appellant Marina Corporation, brought this action for damages against defendant alleging that she was injured on December 14, 1952, while waiting on customers; that one Mildred Stockton, another waitress, was carrying a heavy tray in the dining room and she called plaintiff to assist her because the tray was too heavy and she was afraid she would drop it. The complaint further alleged that plaintiff immediately placed her hands under the edge of the tray to keep it from falling or tipping; that Mildred negligently and carelessly permitted the tray to tip and caused the casserole thereon to skid; and that by reason of the careless act of Mildred the steaming liquid from the casserole, containing steaming lobster, spilled over and upon the hands of plaintiff and badly scalded and burned them, to her detriment and damage in the sum of $10,000. Special damage in the sum of $2,811.95 was also claimed. Defendant corporation appeared by answer and denied generally these allegations, admitted that plaintiff sustained injuries while employed by it; alleged that her injuries were the result of an unavoidable accident; and that she was adequately compensated therefor by virtue of an award by the Industrial Accident Commission in the sum of $796.80, plus medical expenses, etc.

It appears that a pretrial conference was held on May 12, 1954, and as a result of an order of the judge, approved by counsel for the several parties, it was "agreed" that plaintiff "was asked to assist another employee to prevent a tray containing food from tipping which the other employee was carrying. Thereafter, the tray did tip and the food thereon was upset and spilled over and upon the hands of the plaintiff causing the injuries complained of . . . that at the time of this injury the defendant was not covered by Workmen's Compensation Insurance . . ."; that the satisfaction of the award received in evidence sets forth the items of such award;

that "It is admitted by the defendant that the plaintiff was an employee, that at the time of the injury she was acting in the scope of her employment, that she was injured, and that the defendant was not covered by Industrial Accident Insurance"; "that there is a presumption that the injury sustained by the plaintiff was proximately caused by the negligence of the defendant"; and that the principal issues will be: "1. Whether or not there was any negligence on the part of the defendant. 2. Whether or not it was an avoidable accident. 3. Nature and extent of the plaintiff's injuries. 4. Amount of plaintiff's damages, if any, including loss of earnings. 5. The extent to which any award made to the plaintiff by the Industrial Accident Commission shall be credited to any judgment recovered in this action. 6. Amount of plaintiff's attorney's fees, if any."

Subsequently, on September 15, 1954, the case came on for trial. At that time counsel for defendant stated to the court that he did not agree with a part of the statement in the pretrial order because his evidence would show that the alleged accident did not happen in the manner set forth and that he did not believe it amounted to a stipulation as to that fact. The court stated it would relieve him from the effect of it, if it did amount to a stipulation. Counsel for plaintiff stated he expcted to show that plaintiff was called to the rescue of Mildred Stockton when a tray containing a heavy tureen of lobster began to tip and slide and endanger the safety of certain patrons, and that as plaintiff reached for the tray the contents of the tureen spilled over and the hot liquid from the lobster spilled upon her hands and seriously burned her.

Medical testimony was then presented as to the extent of the injuries and plaintiff testified that Mildred Stockton (now Donovan) was carrying a very heavy tray on this Sunday; that it started to slip and Mildred asked for help so she reached up under the tray to help her when the tray tilted, causing the liquid to splash on her hands.

Mildred testified for the defendant that she was carrying the tray and asked plaintiff to help her lower the tray to the serving stand and she did; that plaintiff grasped the edge of the tray and helped her lower it; that no food spilled or dropped from it; that neither the tray nor any of the dishes dropped or skidded, and no containers thereon lost any of their contents at any time; that she completed serving the customers and took the tray back to the kitchen; that she believed plaintiff touched a silver serving dish in which

broiled lobster was served and which had been heated in the oven; that there were no juices on the broiled lobster except the melted butter; and that plaintiff continued working that day and worked other days thereafter with her hand bandaged. She testified that the day before this occasion she noticed plaintiff already had a bad-looking burn on the palm of one of her hands; that they discussed it at that time and plaintiff told her she knew about it; and that she got it at home and hated to work with such an unsightly burn.

By way of impeachment plaintiff testified that Mildred said in the hall at the Industrial Accident Commission hearing that juice did spill out of the tray and the tray tipped because it was too heavy. It was subsequently stipulated that at the hearing before the Industrial Accident Commission the following took place, according to the report of the hearing officer:

"Mildred Stock*ham* Donovan was called as a witness by employer and it was stipulated that if she were called she would testify that before this injury she saw a burn on the palm of one of applicant's hands and she suggested that applicant go to the doctor. That later she saw applicant with 'new skin' on it. That later applicant got the lobster burn on her hand. That she does not know just when applicant got the lobster burns. That she believed applicant worked some after she got the burns from the lobster. That they served lobster and all types of dinners from noon on. That she believes the lobster did not spill out of the tray but only the juice."

The witness said she did not testify at the hearing and this was only the attorneys' stipulation as to what her testimony would be. The case was submitted on this evidence and judgment was rendered for the defendant. On the motion for new trial, on all statutory grounds, plaintiff's counsel filed an affidavit reciting that before the Industrial Accident Commission hearing he talked with Mildred about the accident; that she stated to him that the tray she was carrying tipped and spilled hot liquid on the fingers and hands of the plaintiff; that the reason the tray slipped was because it was too heavy for her to carry; that she underestimated her ability and strength to carry it; that if a new trial was granted he would so testify; that a doctor, who examined plaintiff's hand shortly after the incident, found the burns appeared to be the result of scalds which were greatest between her fingers and on the back of her fingers and hands; that he

would so testify at a new trial; that this evidence was now proffered because of "surprise" when Mildred testified as she did at the trial; and that he was without previous notice of such change of testimony.

An affidavit of the doctor was filed in support of the motion. The court took the matter under advisement and by minute order of December 8th the motion was "granted upon grounds of insufficiency of the evidence to support the judgment." Subsequently the judge signed a written order reciting that the motion had been submitted to the court "And it appearing to the Court that there is insufficient evidence to sustain or justify the Court's decision, IT IS THEREFORE ORDERED AND ADJUDGED that the judgment heretofore entered in the above entitled matter be vacated and set aside, and that a new trial be granted to plaintiff."

Defendant's counsel first contends that the orders are confusing as to whether the court granted the motion on all grounds stated in the notice or only on the one ground of insufficiency of the evidence, and also contends that the written order is not sufficient because the ground of insufficiency of the evidence is only contained in the recital of the order and not in the body of the order granting the new trial and therefore insufficiency of the evidence cannot be considered as one of the grounds. (Code Civ. Proc., § 657, subd. 7.) There is some merit to the argument as to the confusion but, construed as a whole, we believe the manifest intent of the order was that a new trial was granted on the grounds stated, including insufficiency of the evidence.

In considering the motion for new trial the trial judge signed a memorandum opinion in which he recites that after more thought he was brought to the conclusion that perhaps the evidence was not sufficient to dispel the presumption of negligence on the part of defendant, and if it was true that liquid was spilled on both of plaintiff's hands, and since it was assumed and almost agreed at the Industrial Accident Commission hearing and also at the time of the pretrial that it was so spilled, no doubt the plaintiff was surprised when defendant took a contrary position at the time of trial. He stated that this evidence might well be a turning point in another trial.

Appellant argues that there was no substantial conflict in the evidence which would authorize the granting of a new trial by the court; that the evidence, when considered as a whole, would not support a verdict for plaintiff; that the trial court abused its discretion in ordering a new trial and

that there was no evidence of any error authorizing a new trial on any other ground set forth in the notice of motion.

It does appear that there was a substantial conflict between the testimony of plaintiff and that of the witness Mildred Donovan. Plaintiff's evidence, when considered in conjunction with the presumption afforded by Labor Code, section 3708, if believed by the trier of fact, might well support a contrary judgment. Accordingly, the order granting a new trial was authorized. The granting of a motion for new trial rests so completely within the discretion of the trial judge that an appellate court will not ordinarily interfere with his action unless manifest and unmistakable abuse of discretion clearly appears. (*Quinn* v. *Oil Fields Trucking Co.*, 130 Cal.App.2d 720 [279 P.2d 775]; *Kroiss* v. *Butler*, 129 Cal.App.2d 550 [277 P.2d 873].) It is true that very little showing was made by plaintiff as to why a continuance could not have been sought in the original trial to produce the evidence indicated, if necessary, or why counsel for plaintiff could not have testified at that time as to the facts indicated in his affidavit. Since the granting of a new trial was otherwise authorized we will not labor this question.

Order granting new trial affirmed.

Barnard, P. J., and Mussell, J., concurred.