[Civ. No. 22104. Second Dist., Div. One. Apr. 30, 1957.]

WINNIE WAFFORD QUINN et al., Appellants, v. OIL FIELDS TRUCKING COMPANY (a Corporation) et al., Respondents.

Arnerich, Del Valle & Sinatra, Vincent Arnerich, August J. O'Connor and George J. Hider for Appellants.

John R. Allport for Respondents.

DORAN, J.—The complaint herein seeks damages for the wrongful death of Gladys Irene Quinn, for personal injuries to decedent's minor child, and for property damage to the surviving husband's automobile. A trial before a jury resulted in a verdict in favor of the defendant trucking company and its truck driver, Edelmiro Gomez. Thereafter, a motion for new trial was granted; the defendants appealed, and the reviewing court affirmed the order granting a new trial (130 Cal.App.2d 720 [279 P.2d 775]). On May 9, 1956, a trial before a different judge and jury resulted in a verdict and judgment for the defendants; a motion for new trial was denied and plaintiffs appealed.

Appellants' sole ground for appeal is that "There is no evidence to support the verdict and judgment entered pursuant thereto; the evidence shows defendant negligent as a matter of law." There is no contention that any prejudicial error was committed. The appellants aver that "it is impossible to conceive how the jury could have rendered any verdict other than one for plaintiffs; certainly there is no basis for any theory of unavoidable accident, much less a finding that the defendant was not negligent."

From the truck driver's testimony it appears that defendant's truck was proceeding north on Hawthorne Boulevard at about 25-30 miles per hour towards the intersection of Sepulveda Boulevard, at about 12:30 p.m. The truck and trailer were about 55 feet long and weighed 40,000 pounds; it was a clear, dry day, visibility was good, and the truck driver was familiar with the intersection in question. There was evidence that the intersection was in so-called open country with view unobstructed except for a signboard located just south of Sepulveda and about 100 feet west of the main traveled portion of Hawthorne. A boulevard stop sign was posted about the same distance back, which sign controlled traffic moving east on Sepulveda. The signboard interfered with vision from the boulevard stop sign and west thereof. Plaintiff's Chevrolet was proceeding east on Sepulveda.

The evidence was to the effect that when about 200 feet south of the intersection, the truck driver looked to the left for traffic on Sepulveda and saw none. When about 150 feet south of the intersection the driver looked to the right for traffic going west on Sepulveda and noticed none at that time; there was no traffic going either north or south on Hawthorne Boulevard. The truck driver then looked forward again and observed the plaintiff's Chevrolet about 5 feet in front of

the truck; the brakes were applied, a collision occurred and the driver's foot was knocked off the brake pedal. The Chevrolet was carried a distance of about 63 feet straight ahead before coming to a stop.

Appellants point to evidence that Gomez, the truck driver, left San Pedro at about 12:10 p.m. and arrived at the point of collision at about 12:30 p.m., a distance of about 12 miles, stopping to eat on the way, indicating "that Gomez was traveling at a terrific speed inconsistent with prudent driving"; also, that after looking to the right about 150 feet south of the intersection, Gomez "didn't look again until he was in the intersection where the Chevrolet appeared suddenly in front of him about 3 feet east of the easterly curb line of Hawthorne Boulevard, which meant that the Chevrolet had almost negotiated the entire length of the intersection before he struck it." Moreover, continued appellants' brief, "the force of the impact was so great that the truck superimposed itself on the right side of the Chevrolet and actually pushed it sidewise 63 feet into a sand pile far off the right side of the road, which finally stopped both—the front seat of the Chevrolet being catapulted out of its left side in the process and throwing the driver out on to the highway." All this, it is asserted, "in itself indicates negligence as a matter of law."

The point now argued by appellants is factual in nature and, as said in respondents' brief, "The same factual premise was thoroughly and ably presented by appellants to two different juries under appropriate instructions as to the law applicable, and both times the jury found in favor of the respondents. It is merely contended that this court should substitute its judgment on questions of fact for the judgment of the trial court and the jury. . . . Such is not the function of the reviewing court."

 As stated in *Guerra* v. *Balestrieri,* 127 Cal.App.2d 511 [274 P.2d 443], a case involving facts somewhat similar to those here presented, "A reviewing court must look to the evidence which is favorable to the finding or verdict and to inferences reasonably deducible therefrom, when ascertaining the sufficiency of the evidence." While it is doubtless true that some of appellants' contentions may find support in the record, the fact remains that the jury heard all of the evidence offered on the respective theories of plaintiffs and defendants, and saw fit to credit the defendants' version.

 The jury evidently concluded, as stated in respondents'

brief, that "evidence disclosed that he (the truck driver) was operating his trucking equipment at a lawful speed on a through highway with the legal right of way. Mr. Gomez made the usual and customary observation of the intersection as he approached and when suddenly confronted with a situation created by the careless and illegal acts of the driver of the Chevrolet he did all that was reasonably required of him to avoid the action, particularly in light of the rule that he had the right to assume that the Chevrolet would not be operated in violation of law." This the jury had a right to do, and since the record discloses substantial evidence in support of the verdict and judgment, there should be no appellate interference.

The judgment is affirmed, and the attempted appeal from the order denying a new trial is dismissed.

White, P. J., and Fourt, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 26, 1957.